Lowe *v.* Mobile & O. R. Co.*

(Division B. Jan. 9, 1928. Suggestion of Error Overruled Feb. 6, 1928.)

[116 So. 601. No. 26796.]

Trial. *Court must assume as true testimony of party against whom peremptory instruction is requested, and draw all favorable inferences for such party which jury might reasonably draw.*

In granting a peremptory instruction, the court must assume as true the testimony of the party against whom the peremptory instruction is given, and must draw all favorable inferences for such party which might reasonably be drawn by a jury.

*Corpus Juris-Cyc. References: Trial, 38Cyc, p. 1586, n. 8.

Appeal from circuit court of Lowndes county.
Hon. J. I. Sturdivant, Judge.

Action by Louberta Lowe, a minor, by next friend, against the Mobile & Ohio Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*G. J. Rencher,* for appellant.

*Carl Fox* and *Owen & Garnett,* for appellee.

ETHRIDGE, J.   Louberta Lowe, a minor three years of
age was struck and injured by the steps of one of the rail-
road company's trains, and brought suit for said injury.
It appears that the minor was living with her grand-
parents near the railroad track, some three miles east of
the city of Columbus.   While her grandmother was at
church, and her grandfather was staking out a cow on
the premises, the child left the house and went down the
highway to a point where the highway turns parallel with
the railroad, and went upon the track or right of way of
the railroad.   This was somewhere near three o'clock
in the afternoon, and defendant's train was approaching
Columbus from the east.

As the train approached, the whistle was blown, and
this attracted the attention of two witnesses for the
plaintiff.   These witnesses testified that the distance of
the train was at least nine hundred feet from where the
injury occurred at the time the whistle was blown.   One
of the witnesses stated that the train did not slow down
after blowing the whistle until it was right near where
the child was injured.   When the child was injured, the
rear coach of the train was about one car length from
the child, and the train was backed, after the injury, and
the child was taken on board and placed in a hospital at
Columbus.   It appears that the train was running at
thirty-five or forty miles per hour, and could have been
stopped within six hundred feet.

The fireman of the train testified that he saw the child
come out of some weeds on the right of way, and that,
before he could tell the engineer, the engineer put on the
air and blew the whistle continuously until the child was
struck.   The fireman estimated the distance from where
he first saw the child to where it was struck as being
about four hundred feet.   The engineer of the train tes-
tified that the child came upon the track out of some
weeds, and that he immediately applied the air and blew
the whistle continuously until the child was struck, and

that he did all that was possible to be done to stop the train; that when the whistle was blown the child turned and stepped off the track, but stopped near and was struck by the steps of the engine and injured.

It appears from the record that the child was rendered unconscious for some time, and suffered great pain from a discharging ear on the side on which she was struck. Two other parties on the train, the personal injury attorney, and the conductor, testified that the brakes were applied and the whistle immediately blown; that they knew something was wrong, and that the whistle was blown for a road crossing about one-half mile from the place where the child was struck.

On this testimony, the court granted a peremptory instruction for the railroad company, which constitutes the assignment of error. It appears, without dispute, that the train could have been stopped within six hundred feet, and the engineer testified that the equipment of the train was in perfect condition. The defendant's witnesses all testified, as stated above, that the estimated distance from the place the child was first seen was about four hundred feet, and that the train was stopped within the six hundred feet, if they did what they testified was done.

But the witnesses for the plaintiff each testified that the train was about nine hundred feet when the whistle was blown, and one of them states that the train did not slack its speed until right near where the child was injured. The engineer and fireman both testified that the brakes were applied before the whistle was blown. This, we think, presents an issue of fact, which ought to have been submitted to the jury. If the train was, in fact, more than six hundred feet away when the child was first seen, and could have been stopped within six hundred feet, and the child being a small child, only three years of age, it was the duty of the engineer to do what he could to stop the train and prevent the injury to the

child. This he testified he did; but the other witnesses disagree as to the distance the child was from the approaching train when the whistle was blown, and it was for the jury to say whose estimates and whose statements were true. This, of course, in most cases, would depend upon the intelligence and credibility of the witnesses testifying.

In a case of this kind, the rule is to assume as true the testimony of the party against whom the peremptory instruction is given, and to draw all favorable inferences for such party which might reasonably be drawn by a jury. Applying this rule to the facts before us, we think it was a case for the jury to decide, and it was error to give the peremptory instruction for the defendant.

The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*