## LEE COUNTY GIN CO. *v.* MIDDLEBROOKS.

(Division A. Oct. 19, 1931. Suggestion of Error Overruled Nov. 16, 1931.)

[137 So. 108. No. 29491.]

Blair & Anderson, of Tupelo, for appellant.

S. H. Long and Mitchell & Clayton, all of Tupelo, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The appellee, Middlebrooks, sued the appellant, the Lee County Gin Company, for damages for personal injuries, the cause was submitted to a jury, a substantial verdict was rendered, and there was a judgment against the gin company, from which judgment appeal is prosecuted here.

The appellee, Middlebrooks, had carried his cotton to the gin, where his loaded wagon was waiting in line while the cotton from other wagons ahead of him was being unloaded, ginned, and the cotton in bales reloaded in the wagons and moved on. While appellee was standing in the gin yard near the road which was used as an exit from the gin, Henry Miller drove his wagon up grade near the appellee, and a bale of cotton rolled from the wagon, striking appellee and knocking him to the ground with the bale upon him. As a result he suffered painful injuries, had a broken leg, and incurred hospital bills. The evidence for the plaintiff showed that Henry Miller had two bales of cotton ginned, that he sold the seed therefrom, and, while in the office settling for his seed, the employees of the gin company loaded the two bales of cotton across the frame of the empty wagon, instead of loading them end down within the wagon, on the bottom thereon. The frame was suitable for carrying seed cotton in the wagon, but when the ginned cotton was loaded across the frame it was not strong enough to stand the strain, and would "sway." When Miller discovered the method of loading the cotton by the employees of the gin company, he said to them, "This cotton is not loaded right, and should be reloaded end-down on the bed of the wagon," to which the employee replied, in substance,

that it would ride as far as he (Miller) was going, so loaded.

It is quite clear that the employees knew that they were loading the cotton on the wagon for the purpose of being transported away from the gin, and that the drive from the gin beyond the gin lot was up grade. Plaintiff's evidence also showed that it was the custom of the gin company to have its employees load their customers' cotton on the wagons after it was ginned, since so to do would expedite their business of ginning cotton.

At the conclusion of all the evidence, the court overruled a motion of the appellant for a peremptory instruction, which action of the court is assigned as error.

Appellant insists that there is no liability as against the gin company, for the reason that the cotton had been loaded on the wagon, and turned over to its owner, Miller, arguing, in effect, that the action of Miller in driving the wagon from the gin plant was the sole proximate cause of the injury, although he does not so say in these exact words in his brief.

Everything must be considered as proved which the evidence establishes, either directly or by reasonable inference, against the party who asks for a peremptory instruction. See Dean v. Brannon, 139 Miss. 312, 104 So. 173.

Appellant cites the case of Alabama & V. R. R. Co. v. Rooks, 78 Miss. 91, 28 So. 821, as the only case from Mississippi upon which he relies, in which this court held that there was no liability against the railroad company for negligence, where two oil cars were in a collision, and spilled oil on its right of way, to which cattle had access; the cattle later drank the oil, resulting in injury. It is quite obvious that an ordinarily prudent man could not reasonably foresee that cattle would drink the oil left upon the ground.

It was a question for the jury whether the injury in the present case was the natural consequence of the neg-

ligent loading of the cotton on the wagon, and whether or not the wagon was negligently loaded; and, under the facts of this case, even if we say that the concurrent action of the driver of the wagon, Miller, and the loading of the wagon by the employees of the gin company, was the proximate cause of the injury, still that would not relieve the appellant from liability, when we consider that the employees of the gin company knew the purpose for which the cotton was being loaded; that is, for transportation from the gin lot on an up grade.

The loading of the cotton on the wagon, to be moved on an up grade from the gin, was a contributing cause to the injury, the prime cause of which, as found by the jury, was the negligent loading thereof. There was no break in the chain of events, from the loading of the cotton to the time of the injury.

In Cumberland Telephone & Telegraph Co. v. Woodham, 99 Miss. 318, 54 So. 890, 891, this court said: "In order that a person may be liable for damages resulting from his negligence, it is not necessary that his negligence should have been the sole cause of the injury. His negligence may be the proximate cause, where it concurs with one or more causes in producing an injury, and, although the author or authors of such cause or causes may also be liable therefor"—citing with approval 29 Cyc., sections 492 and 496.

It follows that we are of opinion that the cause was properly submitted to a jury, and the peremptory instruction requested was properly refused. '

Second, it is insisted that the court erred in permitting counsel for appellee, in qualifying the jury, to ask the jurors on their voir dire whether or not they had any stock in any insurance company, or interest therein, and cite Herrin, Lambert & Co. v. Daly, 80 Miss. 340, 31 So. 790, 92 Am. St. Rep. 605; Yazoo City v. Loggins, 145 Miss. 793, 110 So. 833.

The case of Herrin, Lambert & Co. v. Daly, supra, is not in point on the question presented here; but the case

of Yazoo City v. Loggins is directly in point, and is against the contention of appellants here. There is nothing in the record to show that the question was not asked in good faith. Also, see the case of Mississippi Ice & Utilities Co. v. Pearce (Miss.), 134 So. 164.

After the court had overruled appellant's objection to this question, counsel for appellee stated to the jury, ''We don't object to that, though; the insurance company we had our insurance in is 'busted,' the Home Insurance Company.'' Under these circumstances error cannot be predicated by the appellant upon the question propounded to the jurors as to their interest in insurance companies.

Third, and in the last place, it is insisted that the appellee, through his counsel, in the argument to the jury, made the statement that this was a lawsuit, not between Mr. Strain and the appellee, but between a soulless corporation and the appellee, an old negro man. The record shows that prior to this statement one of counsel for appellant, in his argument to the jury, referred to the defendant as Mr. Strain, meaning thereby that the Lee County Gin Company was owned by Mr. Strain.

While counsel, in the argument of the case, are allowed large latitude, there should be no appeal to passion and prejudice beyond the facts of the record. But in this case we are constrained to say that after appellant had in argument presented the case to the jury as though a certain individual would be affected by the verdict therein, counsel for appellee had a right to respond thereto; and, while it was perhaps not necessary to tell a jury of intelligent men, selected under the laws of Mississippi, that a corporation had no soul, yet we could not reverse this case upon this argument, which was clearly a proper answer to an argument advanced that an individual, rather than a corporation, was the real defendant; we cannot say that it was prejudicial.

We find no reversible error in this case.

Affirmed.