FEATHERSTONE *v.* STONEWALL LIFE INS. CO.

(Division A.  April 3, 1933.)

[147 So. 305.  No. 30556.]

**Moody & Johnson,** of Indianola, for appellant.

J. Morgan Stevens, of Jackson, for appellant.

166

**Moody & Johnson,** of Indianola, and **J. Morgan Stevens,** of Jackson, for appellant.

**Neil & Clark,** of Indianola, for appellee.

Argued orally by **J. M. Stevens, Sr.,** for appellant, and S. D. Neill, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, an attorney at law, instituted this suit to recover disability benefits under an insurance contract denominated a "Business Protection Contract." The provisions of the policy defining "total and permanent disability," as used therein, are as follows:

"Total and Permanent Disability Defined. Disability is total when the insured is prevented by bodily injury or disease from performing any work or from engaging

in any occupation whatever for remuneration or profit. Total disability shall be deemed to be permanent if it has been continuous for not less than three consecutive months immediately preceding the receipt of due proof.''

''Recognized Disabilities. Without prejudice to any other cause of disability, the company will recognize the entire and irrecoverable loss of the sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or both feet or of such loss of one hand and one foot as permanent and total disability.''

At the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict in favor of the defendant, appellee here, and this action of the court is assigned as error. Upon the whole evidence, and particularly upon the point as to whether there was a total and permanent loss of the use of both hands, we think the question of whether or not the appellant was totally disabled within the meaning of the provisions of the policy should have been submitted to the jury, under proper instructions.

By a second count in the declaration the appellant sought to recover premiums exacted of him by the appellee falling due during his permanent and total disability, amounting to sixty-four dollars and fourteen cents, with interest. Upon this count, this case is controlled by the case of Ætna Life Insurance Co. v. Thomas (Miss.), 144 So. 50, wherein it was held that an ''insured could not recover premiums voluntarily paid on ground that he was entitled to waiver of payment because of disability.'' Appellant seeks to avoid the effect of this holding on the ground that the declaration alleges that the payment of these premiums was not voluntary, but was made under protest, and that it is admitted in the record that ''the premiums on the insurance policy here sued on have been paid as alleged in the second count of the declaration.'' The second count of the declaration

alleges that, although by the terms and conditions of said policy, the defendant agrees to waive the payment of premiums falling due thereunder during the plaintiff's total and permanent disability, "yet the said defendant has exacted of the said plaintiff the payment of said premiums falling due during his total and permanent disability." This was not a sufficient charge that these payments were involuntary.

For the error in granting the peremptory instruction requested by the appellee, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.