GRAVETTE *v.* GOLDEN SAW MILL TRUST *et al.*

(Division B.  April 16, 1934.)

[154 So. 274.  No. 31185.]

**J. A. Cunningham** and **Floyd W. Cunningham**, both of Booneville, for appellant.

16

**W. C. Sweat**, of Corinth, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was the plaintiff in the court below and filed suit for damages for the breach of a contract made between the appellant and the appellee for the hauling of timber upon certain lands belonging to the appellee. The parties estimated the timber to be ten million feet, and that it would take, approximately, fourteen months for

it to be logged. The appellee was to construct a logging road through its timber, and was to pay the appellant one dollar and fifty cents per thousand feet from "a turn around to a half mile," or for timber within one-half mile from the logging track, and fifty cents for each additional half mile or fraction thereof.

The appellant testified that it was understood at the time the logging operations were begun that the appellee expected him to defer logging operations in the bottoms, or swamps, until spring, and that he was to begin by logging the scattering timber; but that, before spring, while the ground was wet and boggy, he was directed to go into the swamps and cut the timber there. He could not use his teams in the swamps, and provided a skidder to get the logs, having help which he had employed to assist him. He further testified that the appellee did not give him a fair scale of the logs he was hauling, and that after he finished logging in the swamps, the appellee failed to extend its logging line, and told him that they would not pay him more than one dollar and fifty cents per thousand feet. He further testified that he had borrowed money from the appellee, giving a mortgage upon his wagons and teams, and that the appellee was pressing him for the payment of this indebtedness; that he surrendered some of his wagons and teams to satisfy the mortgage indebtedness, but told the appellee, at the time, that such settlement would not embrace the breach of the contract; and that he was going to sue for such breach, the settlement being made merely to take care of the amount of logs already hauled and for the debt due under the mortgage.

The appellee pleaded that the appellant had not carried out his contract by hauling a sufficient amount of logs to supply their needs; that the appellant was unable to carry out his contract; that there was a complete settlement of the amount involved in the debt and contract; and that the settlement included a full release.

The appellant introduced several .witnesses who supported his statements as to conversations had at the settlement, and one witness to the contract at the time it was made with the manager of the appellee. At the conclusion of the appellant's testimony, there was a motion by appellee to strike out the evidence, and grant a directed verdict for the appellee, which motion was sustained by the court, and judgment entered thereon.

The rule is that before a peremptory instruction can be granted, or before the evidence for the plaintiff can be stricken out and judgment entered for the defendant, the testimony for the plaintiff must be taken as true, and proper inferences therefrom must be drawn favorable to the plaintiff.

We have examined the complete testimony for the plaintiff in this case with care, and while we have not undertaken to set out in detail what it is, we think it was improper to have granted a peremptory instruction. If the plaintiff's testimony be taken as true, there was no settlement of the breach of the contract, and the contract was breached.

It is true a mere verbal statement by the defendant would not be sufficient evidence of a breach that would relieve the plaintiff from performing his contract; but when we take all the facts together, they show that a portion of the logging line was not constructed, and that the plaintiff was required to get logs from the swamps at a time when it was disadvantageous to the plaintiff to do so, and the refusal of the defendant to pay the extra fifty cents for each extra half mile or fraction thereof, coupled with the fact that the defendant was pressing the plaintiff and threatening to foreclose the mortgage, we think were sufficient to lead a jury to infer that the defendant, in this case, breached its contract, and intended to prevent the plaintiff from ever performing his contract.

We, of course, do not know what the testimony for the

defendant would have been, but we must deal with the record as it is before us. We think the court below was in error in striking out the evidence and rendering a judgment for the defendant, and the judgment, therefore, will be reversed and the cause remanded for a new trial.

Reversed and remanded.