## COLUMBIAN MUT. LIFE INS. CO. *v.* GUNN.

(Division B.   Oct. 14, 1935.)

[163 So. 454.   No. 31812.]

898

J. Morgan Stevens and **J. M. Stevens, Jr.,** both of Jackson, **Fred B. Smith,** of Ripley, and **Scott Fitzhugh,** of Memphis, Tennessee, for appellant.

**Oscar F. Street**, of Ripley, for appellee.

901

902

**Thos. E. Pegram**, of Ripley, for appellee.

904

Argued orally by **Fred B. Smith** and **J. Morgan Stevens**, for appellant, and by **Thos. E. Pegram**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Tippah county against appellant on two life insurance policies containing disability benefit provisions to recover the amounts provided for by such clauses. The declaration alleged that appellee had become totally and permanently disabled by the disease of diabetes to carry on his business. The face value of one policy upon death was one thousand dollars and the other five thousand dollars. In his declaration, appellant sought, in addition, to recover back the disability premiums paid on the larger policy after December 1, 1933, which he claimed had been paid under protest. At the conclusion of the evidence, the court directed a verdict for appellee for the amount sued for. Judgment was accordingly rendered. That action of the court is the principal ground urged for a reversal of the judgment.

Both of the policies contained the usual permanent disability clauses. In addition, the larger policy defines total and permanent disability to be such a physical condition as prevents the insured from "following or directing any gainful labor, trade, occupation, business or profession." In determining whether a directed verdict should be granted, the evidence must be taken most strongly in favor of the party against whom it is asked. Every material fact which there is substantial evidence to establish, either directly or by reasonable inference, should be treated as proven in his favor. We only refer to the following of the numerous decisions of our court recognizing and applying those principles: Jefferson Standard Life Ins. Co. v. Jefcoats, 164 Miss. 659, 143 So. 842; Fore v. Illinois Central R. Co., 172 Miss. 451, 160 So. 903; Justice v. State, 170 Miss. 96, 154 So. 265;

Keith v. Yazoo & M. V. R. Co., 168 Miss. 519, 151 So. 916; Lee County Gin Co. v. Middlebrooks, 161 Miss. 422, 137 So. 108; Lowe v. Mobile & O. R. Co., 149 Miss. 889, 116 So. 601; Gulf & S. I. R. Co. v. Prine, 118 Miss. 90, 79 So. 62; Dean v. Brannon, 139 Miss. 312, 104 So. 173, 175.

We see no good purpose that would be answered in going fully into the evidence on this question. We think it manifest that there was substantial evidence tending to show that appellee was not totally and permanently disabled in the meaning of these policies. It was clearly a question for the jury.

Appellant contends that the recovery of the disability premiums paid by appellee after the first of December, 1933, was unauthorized. The evidence showed that prior to December, 1930, and continuously since, appellee has suffered from diabetes mellitus. In the latter part of 1930 he claimed to be permanently and totally disabled from that disease and unable to carry on his business— that of a farmer and a trader. He made proof of his disability, and on January 1, 1931, appellant began to pay him the disability benefits provided by the policy, which were continued until the thirty-first of October, 1931. From that date until the twenty-second of October, 1932, payments were discontinued. On the latter date they were resumed and discontinued again on December 1, 1933. This suit was brought to the July term, 1934, and the cause was tried at the January term, 1935. The larger policy provides that upon proof of total and permanent disability the payment of disability premiums shall cease. On the first of December, 1933, appellant notified appellee that upon investigation it had ascertained that he was not totally and permanently disabled, and from that date failed and refused to pay him any further disability benefits. Appellant demanded at the same time that he continue the payment of his benefit premiums, otherwise that provision in his policy would be avoided.

In his declaration appellee alleged that these benefit premiums were paid by him under protest. We do not find, however, that the allegation was supported by the evidence; therefore Featherstone v. Stonewall Life Ins. Co., 165 Miss. 164, 147 So. 305, 306, and Aetna Life Ins. Co. v. Thomas, 166 Miss. 53, 144 So. 50, 146 So. 134, are controlling. They hold that where such premiums are paid voluntarily, they cannot be recovered back. However, we do not mean to hold that if appellee notified appellant that he was going to sue for the benefits during disability, and that he protested against the payment of the premiums and was only paying them to save his rights under the contract, the payment would be voluntary. In the Featherstone case it was held that an allegation in the declaration that the insurance company exacted of the insured the payment of the benefit premiums was not sufficient to show that they were paid under protest. The court said: "This was not a sufficient charge that these payments were involuntary." We think, therefore, that these cases leave the question open as to whether the insured is entitled to recover back the premiums in a case where he has protested against their payment with notice of his intention to sue and recover them back along with the disability benefits.

One of the policies was issued by the Columbian Mutual Life Insurance Company. and the other by the Columbian Mutual Life Assurance Company. Appellant contends that there was a misjoinder of defendants. There is no allegation in the declaration nor proof that the same insurance company operated under different names when the policies were issued, and that appellant was therefore the company that issued both policies. In the absence of such an allegation and proof, there was a misjoinder.

The total and permanent disability upon which the declaration was grounded, as stated, was diabetes mellitus. Over appellant's objection, appellee was permitted

to prove by physicians that he also had neuritis, arthritis, nephritis, and arteriosclerosis. The objection was upon the ground that those diseases were not relied on in the declaration as ground of recovery. The evidence showed, however, that those diseases were the outgrowth of diabetes, in other words, that diabetes was the real cause of his disability and those diseases were mere results therefrom. We do not think the court erred in admitting this evidence.

Dr. Adams testified as a witness for appellee. Appellant offered to show on his cross-examination that he was suffering from diabetes and to show his activities and his ability to carry on his profession notwithstanding. The court refused to permit appellant to do so. That ruling of the court is assigned and argued as error. We are of opinion that there was no error in the ruling. The histories of individual cases, we think, would be of little value as evidence—there are too many individual elements to be taken into consideration.

Over appellee's objection, the court refused to permit lay witnesses to testify as to appellee's manner and method of doing business and his general appearance, along with his activities. We think such testimony might be of substantial value along with the other evidence in the case as tending to show whether appellee was totally and permanently disabled. We think, therefore, it should have been admitted, and, furthermore, that it should have gone back, as contended by appellant, a reasonable length of time prior to December 1, 1933, when the disability benefits were discontended. Appellant's physical condition shortly before might have had a material bearing on his physical condition subsequent thereto. The court, in its sound discretion, should have permitted the lay witnesses to give evidence of any fact bearing on appellant's physical condition after December 1, 1933, whether such facts existed shortly before or after that date. Appellant's acknowledgment

that appellee was totally and permanently disabled during 1933 did not preclude it from all evidence having a bearing on his condition afterwards.

As we view the record in this case, the other questions will necessarily disappear on another trial; therefore we do not notice them.

Reversed and remanded.