SMITH *v.* DILLON CAB COMPANY, INC.

No. 42462 November 26, 1962 146 So. 2d 879

*Johnson & Johnson,* Natchez, for appellant.

*William F. Riley,* Natchez; *Satterfield, Shell, Williams & Buford, Jerome B. Steen,* for appellee.

KYLE, J.

The appellant, Geneva Smith, filed suit in the Circuit Court of Adams County against Dillon Cab Company, Incorporated, for damages for personal injuries alleged to have been sustained by her while riding as a passenger for hire in one of the appellee's taxicabs. The case came on for hearing before a jury at the November 1961 term of the court, and at the conclusion of the evidence offered on behalf of the plaintiff the court sustained a motion made by the defendant to exclude the evidence offered on behalf of the plaintiff and directed a verdict for the defendant, and from that judgment the appellant has prosecuted this appeal.

In her amended declaration the plaintiff alleged that, on June 25, 1960, the plaintiff was riding as a passenger for hire in one of the defendant's taxicabs, and while the plaintiff was a passenger in the taxicab, the driver of the taxicab, who was the defendant's servant, parked the taxicab at an angle on Beech Street in the City of Natchez, headed west, blocking said roadway and leaving the plaintiff in a perilous position while he deposited groceries for another fare-paying passenger; and that while the cab was parked in that position, with the plaintiff seated on the back seat of the cab, the cab was hit from the side by a United States mail truck being driven by Henry Foggo. The plaintiff further alleged that as a result of the collision the plaintiff suffered bruises, contusions and permanent bodily injuries in the sacroiliac area and the cervical and lumbar spine area and a severe

whiplash injury to her neck, and other injuries described in the declaration.

The plaintiff further alleged that the driver of the taxicab owed a duty to the plaintiff as a paying-passenger for hire not to leave her in a perilous position in the middle of the street with the cab unattended; and that he breached that duty by leaving his cab unattended in a perilous position with the plaintiff seated therein, which constituted negligence; and that the negligence thus alleged was the proximate cause of the collision above described and the direct and proximate cause of the plaintiff's injuries. The plaintiff demanded judgment for a sum of $7,500 for pain and suffering, medical expenses, loss of wages, and permanent injury to her body.

The defendant Dillon Cab Company, in its answer, denied that its cab driver parked the taxicab at an angle on Beech Street, and further denied that the taxicab was so parked as to block the roadway. The defendant alleged in its answer that there was ample space for other vehicles traveling on Beech Street to pass around the taxicab while it was so parked. The defendant denied that its cab driver left the plaintiff in a perilous position, but admitted that while the taxicab was parked in the position stated above, and while the plaintiff was occupying the right rear seat, the taxicab was hit by a United States mail truck being driven by Henry J. Foggo. The defendant alleged that the driver of the mail truck was negligent in failing to have his vehicle under reasonable and proper control, and in failing to maintain a reasonable and proper lookout, and that the negligence of the driver of the mail truck was the sole proximate cause of the collision. The defendant denied that its cab driver was negligent in any manner or that his negligence caused or contributed to the collision.

The plaintiff testified that she was a colored female 43 years of age; that on June 15, 1960, she called a

Dillon cab from a grocery store; and that after she got in the cab the driver carried another passenger home before taking the plaintiff to her destination; that when the cab driver got to the home of the other passenger he helped her carry her groceries into the house and left the plaintiff sitting in the back seat of the cab; that the cab was parked on the left side of the street with the rear of the cab toward the center line, and that while the cab was so parked it was hit by the mail truck. The plaintiff testified that the driver of the cab was not in the cab at the time the accident occurred; that he was in the other passenger's house, and did not know there had been an accident until he returned to his cab about five minutes after he went into the house.

Dr. Edwin M. Butler testified that he treated the plaintiff on June 27 for injuries which she had received two days prior to that date, when she was a passenger in a taxicab which was struck from the rear by a second vehicle. He made x-rays, which revealed no fracture of a bone. His conclusion was that she had sustained a whiplash injury of the neck and lower spine involving muscles and ligaments.

Henry Foggo, the driver of the mail truck, testified that he was delivering mail on Beech Street about 10 o'clock A. M.; that the taxicab was parked in front of No. 4, Beech Street, on the south side of the street heading west; and as he started off from the mail box at No. 2, Beech Street, he "clipped" the back of the taxicab. Foggo testified that the taxicab was parked on the left side of the street, and as he undertook to drive around the cab he struck the rear of the cab; that the street was not more than 16 feet wide at the most; and that the right-hand fender of the cab was only 6¾ feet from the right side of the pavement. Foggo identified two photographs of the street showing the paved roadway and the shoulders and location of the two houses referred to as No. 2

and No. 4 on Beech Street, which were offered in evidence.

The only point assigned and argued as ground for reversal of the judgment of the lower court is that the court erred in sustaining the defendant's motion to exclude the evidence offered on behalf of the appellant and to direct a verdict for the defendant at the conclusion of the plaintiff's evidence.

■■ ■ We think the court erred in sustaining the motion to exclude. The case should have been submitted to the jury under proper instructions of the court.

It is a familiar rule that upon a motion to exclude the testimony, not only the facts expressly testified to, but all inferences reasonably and logically to be deduced therefrom are to be taken as true in favor of the party against whom such motion is interposed. Alexander v. Zeigler, (1904), 84 Miss. 560, 36 So. 536; Gravette v. Golden Saw Mill Trust, (1934), 170 Miss. 15, 154 So. 274; Cameron v. Hootsell Lumber and Supply Co., (1956), 229 Miss. 80, 90 So. 2d. 195.

■■ ■ The evidence offered on behalf of the plaintiff, in our opinion, was sufficient to create an issue of fact for the determination of the jury as to whether the driver of the taxicab was negligent in parking his vehicle on the left side of the narrow street with the rear end projecting over the center line of the paved portion of the street and leaving the cab unattended while he delivered groceries in the home of the other passenger, and whether such negligence, if any, was the proximate or a contributing cause of the collision which resulted in the plaintiff's injuries.

■■ ■ In cases involving the right of a passenger to recover from a taxicab company, the courts have generally held that a company of this character, which holds itself out to serve all who apply for transportation for a fixed or agreed fare, is bound to exercise a high degree of care for the safety of. passengers for hire who are

being transported in the taxicab, a degree of care commensurate with all the circumstances. Whether that duty was performed in this case was a question for the jury to decide. See Blashfield Cyclopedia of Automobile, Law and Practice, Vol. 4, Perm. Ed., p. 222, Sec. 2201, and cases cited.

 █ But it is argued on behalf of the appellee that the testimony of the plaintiff's witness, Henry Foggo, shows that there was 6¾ feet of pavement left on the right side of the parked taxicab, and even if the appellee's driver was negligent in parking the taxicab at an angle on the left side of the street with a passenger seated in the cab and leaving the cab unattended while he helped another passenger carry groceries into her house, there was 6¾ feet of pavement left on the right side of the parked vehicle for the passage of other vehicles; and the negligence of the driver of the mail truck in failing to pull far enough to the right to avoid striking the parked taxicab was a superseding intervening cause and the sole proximate cause of the collision. But that too, in our opinion, was a question for the jury to decide. █ It was not necessary, in order to hold the Cab Company liable, that the jury should find that the negligence of the Cab Company was the sole proximate cause of the injury. As this Court has frequently stated, there may be more than one proximate cause of an accident or injury, and where there is more than one proximate cause each of the concurrent efficient causes contributing directly to the accident or injury is the proximate cause thereof.

"As a general rule, it may be said that negligence, in order to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. Accordingly, where several causes combine to produce injuries, a person is not relieved from liability because

he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured. It is no defense to one of the concurrent tort feasors that the injury would not have resulted from his negligence alone, without the negligence or wrongful acts of the other concurrent tort feasor." 65 C.J.S. 675, Negligence, par. 110a; Cumberland Tel. & Tel. Co. v. Woodham, 99 Miss. 318, 54 So. 890, 891; Lee County Gin Co. v. Middlebrooks, 161 Miss. 422, 137 So. 108; Keith v. Yazoo & M. V. R. Co., 168 Miss. 519, 151 So. 916; Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42; Gulf Refining Co. v. Brown, 196 Miss. 131, 16 So. 2d 765; Continental Southern Lines, Inc. v. Klaas, 217 Miss. 795, 65 So. 2d 575.

Finally, it is argued on behalf of the appellee that the appellant was not entitled to recover under her own testimony for the reason that she assumed the risk of being injured when she remained in the improperly parked taxicab while the driver helped the other passenger carry her groceries into the house. But we think there is no merit in that contention. The appellant was a passenger in the taxicab for hire; and there is no basis for the appellee's claim that she assumed the risk of being injured as a result of the negligence of the appellee's cab driver, if any, in failing to exercise due care in the operation of his vehicle.

For the reasons stated above the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J., and Ethridge, Gillespie and McElroy, JJ.,* concur.