**Thomas CARVIN, for the Use and Benefit of Norma E. Thompson and William A. Thompson**

v.

**STANDARD ACCIDENT INSURANCE CO.**

No. 4678.

United States District Court
E. D. Tennessee, S. D.
April 28, 1966.

Berke & Berke, Chattanooga, Tenn., for plaintiff.

Milligan, Hooper & Harris, Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

This is an action by one claiming to be an insured under an automobile liability insurance policy to recover upon the policy for the use and benefit of persons who have obtained a judgment against him arising out of his operation of an automobile. The suit was originally filed in the Chancery Court for Hamilton County, Tennessee, and was removed to this Court upon the petition of the defendant.

The plaintiff challenges the propriety of the removal by motion to remand. His motion is grounded upon the 1964 amendment to Section 1332, Title 28, United States Code, which provided, in pertinent part:

> "(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further*, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."
> (Emphasis theirs.)

This amendment was embodied in Public Law 88–439, Section 1, 78 Stat. 445. Section 2 provided that the amendment "applies only to causes of action arising after the date of enactment of this Act." The date of enactment was August 14, 1964. U. S. Code, Congressional and Administrative News, 88th Congress, Second Session, Vol. 1, p. 515.

 The parties, in their respective briefs, devote considerable attention to the question of whether the cause of action sued upon arose before or after the date of enactment of the amendment. However, it appears to the Court more appropriate to first determine whether this is a "direct action" in the sense that those words are used in the statute.

Another problem presented by the plaintiff's motion, and to which attention is not given in the briefs, is the factual issue of whether Thomas Carvin is an "insured". The proviso upon which remand is sought applies only where there is an "insured". Thus, the factual issue raised in the motion to remand is identical with the factual issue raised on the merits of the suit. However, in view of the construction placed by the Court upon the amendment to Section 1332, it is not necessary to resolve this issue.

234 of the words "any *direct ac-*

The legislative history of the amendment discloses that it was conceived and enacted primarily to alleviate an overcrowded docket condition in the federal district courts in Louisiana and to prevent that problem from being duplicated in other states in the future. See U. S. Code, Congressional and Administrative News, 88th Congress, Second Session, pp. 2778–2785. Senate Report No. 1308, there set forth, recites the purpose of the legislation:

"The purpose of the proposed legislation is to amend section 1332(a) of title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U. S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State "direct action" statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."

The Report recites that "At the present time there are two States, namely, Louisiana and Wisconsin, which have 'direct action' statutes." After a statistical comparison of the caseload of the federal district courts in Louisiana, particularly the court for the Eastern District thereof, with other federal district courts in the nation, the Report goes on to state:

"The cited figures indicate clearly the effect which the 'direct action' statute of Louisiana has upon the caseload of this district, and also clearly indicates what might be expected to occur in the Federal Courts throughout the country if each of the States were to enact legislation similar to the Louisiana statute."

It is quite clear from the above that it was intended by the Congress that this amendment apply to a limited class of actions, that is, those in which an injured party is permitted to sue, directly and without joinder of the tortfeasor, the tortfeasor's liability insurer without first obtaining a judgment against the tortfeasor himself. This Court must hold that Congress has effectuated this intent by the use of the words "any *direct ac-*

*tion* against the insurer of a policy or contract of liability insurance". Had the legislative intent been of broader scope, it would have been sufficient to say "*any action* against the insurer of a policy or contract of liability insurance", and such language would have encompassed the present action. The word "direct" must not be judicially stricken from the statute, but rather must be attributed a reasonable meaning in the light of the expressed intention of Congress. The Court is of the opinion that to hold that the present action is within the scope of the amendment would be an unwarranted expansion of the intended effect of the proviso and would be unjustified by the language of the legislation itself. The present action is not a "direct action" in the sense of 28 U.S.C. § 1332(c), and the proviso is not applicable.

In so holding, this Court is in agreement with the decision of the First Circuit Court of Appeals, faced with the same question in White v. United States Fidelity & Guaranty Company, (1966), 1 Cir., 356 F.2d 746. There the plaintiff sought to have coverage as an insured declared so that his judgment creditor might seek satisfaction solely from the defendant insurer, and this was held not to be a "direct action" within the meaning of 28 U.S.C. § 1332(c). Only one other case construing the 1964 amendment has come to the attention of the Court. Twin City Fire Insurance Company v. Wilkerson, (E.D.Tenn., 1965) 247 F.Supp. 760, merely holds that a policy of fire insurance is not "a policy of liability insurance" within the meaning of 28 U.S.C. § 1332(c), and does not reach the question here presented.

It is unnecessary to proceed to a determination of whether the cause of action here arose before or after the date of enactment of the proviso, in view of the holding that the proviso is otherwise inapplicable, and the Court takes no position on that point.

It appearing to the Court that this case has been properly removed here, plaintiff's motion to remand is denied.

An order will enter accordingly.