**Lattie Marie INMAN, by Orbie Inman, Her Duly Appointed Guardian, Plaintiff,**

v.

**MFA MUTUAL INSURANCE COMPANY, Defendant.**

**No. LR–67–C–18.**

United States District Court
E. D. Arkansas, W. D.

March 3, 1967.

William R. Bullock, of Mobley & Bullock, Russellville, Ark., for plaintiff.

Winslow Drummond, Little Rock, Ark., for defendant.

MEMORANDUM AND ORDER

HENLEY, Chief Judge.

On plaintiff's motion to remand this cause to the Circuit Court of Yell County, Arkansas, for asserted lack of federal jurisdiction.

Plaintiff and his ward are citizens of Arkansas. Defendant is a Missouri corporation, and has its principal place of business in that State. The amount in controversy is in excess of $10,000, exclusive of interest and costs. The suit is brought on behalf of Lattie Marie Inman, an incompetent, the wife of one David Inman.

The complaint alleges in substance that in 1965 defendant had issued to David Inman a policy of automobile insurance which provided, among other things, so-

called "uninsured motorist coverage." It is further alleged that on July 2, 1965, while Mrs. Inman was operating the automobile covered by the policy, and while she was within the coverage or protection of the policy, she was seriously and permanently injured by the negligence of an uninsured motorist, and that defendant is liable under its policy. It is further alleged that as a result of the accident Mrs. Inman was rendered mentally incompetent which necessitated the appointment of a guardian to maintain this action.

The basis for the motion to remand is the 1964 amendment to 28 U.S.C.A. § 1332(c). Act of August 14, 1964, P.L. 88–439, 78 Stat. 445. That amendment provides in substance that in a direct action against a liability insurance company in which the insured is not named as a party defendant, the company shall be deemed for jurisdictional purposes to be a citizen of the same State as the insured as well as of the State of its incorporation and the State in which it has its principal place of business.

Plaintiff's position is that this is a "direct action" against a "liability insurance company," that the insured is not joined as a party defendant, and that the 1964 enactment is applicable.

From the Legislative History of the statute which appears in U.S.Code Congressional & Administrative News 1964, p. 2778 et seq., it is clear that the purpose of Congress in amending section 1332(c) was to ease the case loads of the federal courts in Louisiana and Wisconsin, particularly the former, which States permit direct actions by injured persons against the liability insurance carriers of tort feasors without joining the insureds as parties defendant. The statute has been construed in White v. United States Fidelity & Guaranty Co., 1 Cir., 356 F.2d 746; Carvin v. Standard Accident Ins. Co., E.D.Tenn., 253 F.Supp. 232, and Twin City Fire Ins. Co. v. Wilkerson, E.D.Tenn., 247 F.Supp. 766. It does not appear to have been construed by the Supreme Court of the United States or by the Court of Appeals for this Circuit.

The Wilkerson case, supra, is not helpful here because it holds merely that the statute is limited in application to suits involving liability insurance policies and does not apply to a fire insurance policy. In the other two cases it was held that the statute applies only to suits brought directly by injured parties against the liability insurance carriers of alleged tort feasors, and does not apply to a suit brought by an insured against his own insurance company.

While this suit is brought by the guardian of an incompetent, it is essentially a suit by an omnibus insured against her own insurance carrier, and under the holdings in *White* and *Carvin* the restriction on jurisdiction relied on by plaintiff is not applicable. The Court agrees with the cases just mentioned, and it follows that the motion to remand must be, and it hereby is, overruled.