JONES, Justice:
This case comes from the Circuit Court of Prentiss County where appellant was convicted of manslaughter on an indictment charging him with the murder of James Michael. He was sentenced to a term of twelve years and from such judgment and sentence he appeals. We affirm.
The evidence tended to prove that appellant, a deputy sheriff, overtook Mr. Michael, who was traveling a public road one Sunday morning, stopped his car, and engaged in a conversation with Mr. Michael between the back of his car and the front of appellant’s car on the side of the road. One witness testified that, as he passed the two, the appellant was striking Mr. Michael over the head and Mr. Michael was slumping on the ground.
*567 Others testified that, as they passed, the two were engaged in conversation between the two cars as aforesaid, but no evidence of any disagreement was displayed.
The appellant’s defense was that, upon approaching Mr. Michael’s car from the rear, he observed it weaving about the road, it appearing that the driver was drunk. He said for this reason he stopped Mr. Michael. The appellant further testified that he and Mr. Michael engaged in a conversation behind the car and that he informed Mr. Michael that he would have to go to jail. Thereupon, according to the appellant, Mr. Michael attacked him and was attempting to choke him, thus forcing him to use his “blackjack” in self-defense.
Appellant brought the injured party to town and put him in jail early in the morning. At the time, Mr. Michael was bloody from the blows; and, although other prisoners and visitors asked that a doctor be called, no doctor was contacted until about three o’clock at which time he was carried to the hospital. He died within ten or fifteen minutes after his arrival at the hospital.
It was testified that the statement was made at the jailhouse in appellant’s presence that the appellant gave the deceased a good whipping. This or similar words were testified to by several witnesses. No denial was made by the appellant.
Appellant also claimed that he found in Mr. Michael’s car a pint bottle with some whiskey in it, which he brought to town. After he had put Mr. Michael in jail, he went to a justice of the peace of another district where he made an affidavit. He testified that his reason for going to the justice of the peace of another district was that he could not locate the justice of the peace of that district. The appellant stated that he thought the justice of the peace had gone to Sunday School or was out-of-pocket. He also testified that he exhibited the whiskey to the justice of the peace simultaneously with making the affidavit. He then brought the whiskey back and turned it over to the sheriff where it was placed and kept in the sheriff’s office.
At the time of the trial the justice of the peace before whom the affidavit was made was ill and could not be present at court. Application for continuance was made for this reason and overruled by the court. We think this was within the discretion of the court, and there was no abuse thereof. King v. State, 251 Miss. 161, 168 So.2d 637 (1964). Further, the application for continuance stated only that the witness, if present, would testify that appellant came to him about 12:30 p. m. on the day of the occurrence and signed an affidavit charging Mr. Michael with driving under the influence of liquor, resisting arrest and possession of liquor. The State stipulated these facts and more. Further, the original affidavit was permitted in evidence showing the day and hour it was made. Also no effort was made to produce any proof on the hearing of the motion for a new trial. King v. State, supra.
It is also contended that the court erred in refusing to allow the pint bottle with some whiskey in it to be introduced in evidence. This was the same bottle which the appellant claimed he found in Mr. Michael’s car and delivered to the sheriff. However, it was shown by the proof that this bottle, while in the sheriff’s office, had been accessible to a number of people and no one could say that it was the same whiskey, if it was whiskey, that was in the bottle at the time it was alleged to have been found by appellant. Certainly this was not reversible error, if error at all. Miss. Rule 11. It is said that appellant’s motion for a new trial should have been sustained because the verdict was contrary to the law and the overwhelming weight of the evidence. The evidence was conflicting, thus making an issue for the jury. This assignment is not well taken.
It has been alleged that the court erred in allowing certain laymen, who saw *568 Mr. Michael during the time that he was in jail, give their opinion as to his state of intoxication and physical condition. We see no error in this. Columbian Mut. Life Ins. Co. v. Gunn, 173 Miss. 897, 163 So. 454 (1935); Hutson v. Continental Cas. Co., 142 Miss. 388, 107 So. 520 (1926); 32 C.J.S. Evidence § 546 (21, 27) (1964).
We find no reversible error; the casé is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and SMITH, JJ., concur.