**Ruby C. ADAMS, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**No. DC 7030.**

United States District Court,
N. D. Mississippi,
Delta Division.

July 2, 1970.

Elzy Smith, Clarksdale, Miss., for plaintiff.

Andrew C. Baker, Charleston, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

Plaintiff, a Mississippi citizen, originally brought this action in the Circuit Court of Tallahatchie County, Mississippi, against defendant State Farm, a non-resident insurance corporation, to recover under the uninsured motorist provisions of two separate automobile liability insurance policies issued by defendant to her husband, Clyde M. Adams, on his two motor vehicles, and under which she, as the spouse resident in the same household, is an insured. The complaint alleged that on September 11, 1969, while plaintiff was riding as a passenger in a Pontiac automobile operated by Mrs. Emma Susie Smith, one J. L. McMillen, an uninsured motorist, negligently allowed his car to collide with that of Mrs. Smith, seriously injuring plaintiff. The complaint sought recovery against defendant State Farm for the full amount of the uninsured motorist coverage of both policies, which were for $5,000 each, plus $1,343.90 accrued medical expenses. Each policy contained a $1,000 medical payments clause.

Defendant removed the action to this court on the ground of diversity of citizenship, and plaintiff promptly moved to remand. Following oral argument, the case is now before the court for decision on plaintiff's motion. Four challenges to this court's removal jurisdiction have been asserted.

### I.

Plaintiff first claims that 28 U.S.C. § 1332(c) [1] requires that in any "direct action" against an insurer in which the insured is not joined as a defendant, the insurer shall be deemed a citizen of the same state as the insured. Since the insured is not joined as a defendant in the present action, plaintiff argues that § 1332(c) is applicable to the present case and compels us to remand it to state court for lack of diversity jurisdiction.

Counsel have not cited and we have not found any Supreme Court or Fifth Circuit decisions construing the proviso clause to § 1332(c). The only Court of Appeals case construing the proviso appears to be White v. United States Fidelity & Guaranty Co., 356 F.2d 746 (1 Cir. 1966).[2] In that case the plaintiff sued her liability insurer in a Rhode Island state court; the insurer's attempted removal to federal court was contested by plaintiff on the same ground as in the case at bar. The First Circuit held, in sustaining removal jurisdiction, that the words "direct action" referred exclusively to statutes such as those of Louisiana and Wisconsin which allow a party injured by negligence of an insured tort-feasor to sue his liability insurer alone without joining the insured. As evidence that Congress intended the words "direct action" to be so limited, the Court in *White* cited Senate Report # 1308, submitted by Senator Eastland, Chairman of the Senate Judiciary Committee, which

---

1. § 1332(c) reads as follows:

   "(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

2. To the same effect are two district court cases, Cunningham v. State Farm Mutual Automobile Ins. Co., 297 F.Supp. 1138 (D.C.Tenn.1969), and Carvin v. Standard Accident Ins. Co., 253 F.Supp. 232 (D.C.Tenn.1966).

drafted the 1964 amendment creating the proviso to § 1332(c). That report[3] clearly shows that the purpose of the limitation on federal jurisdiction provided by § 1332(c) proviso was to lessen the flood of litigation in federal courts brought about by the direct action statutes of Louisiana and Wisconsin.

A district court case directly in point is Inman v. M. F. A. Mutual Ins. Co., 264 F.Supp. 727 (D.C.Ark. 1967), in which an insured sued her own insurer in Arkansas state court under the uninsured motorist provisions of her liability insurance policy. Following removal to federal court by defendant insurer, plaintiff moved to remand. After reviewing Senate Report # 1308 (Fn. 3, supra), the court held that Congress created the "direct action" provisions of § 1332(c) for the purpose of easing the case loads of the federal courts in Wisconsin and Louisiana, which had been overburdened by suits of insured local citizens against out-of-state liability insurers. Obviously, direct action statutes which allow an injured plaintiff to sue a tort-feasor's liability insurer without joining the tort-feasor as a defendant create diversity jurisdiction in a large number of cases in which both the injured plaintiff and the tort-feasor are citizens of the same state. It was clearly the withdrawal of federal jurisdiction over this large group of cases in states having such "direct action" statutes that motivated Congress to enact the proviso clause to § 1332(c). As the court in *Inman* rightly pointed out, Congress did not intend that the proviso should apply to suits by an insured against his own insurer, but only to actions brought by an injured plaintiff directly against the insurer of the alleged tort-feasor where the tort-feasor himself was not joined as a defendant. For that reason § 1332(c) does not apply to the present action, and plaintiff's

challenge to our removal jurisdiction thereunder must fail.

### II.

Plaintiff next alleges that the amount in controversy requirement of 28 U.S.C. § 1332(a)[4] is not met in this case because the limits of the two policies amount to exactly $10,000, and thus the amount sued for fails to exceed $10,000. Defendant responds that the plaintiff is bound by her complaint, which seeks $11,343.90, including $1,343.90 for accrued medical expenses in excess of the $10,000 policy limits.

The rule generally applied by federal courts to determine what constitutes the amount in controversy is often called the "plaintiff-viewpoint" rule. As outlined by the Supreme Court, it is:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal courts is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

Thus it must appear to a legal certainty that the amount claimed by plaintiff is unrecoverable before a court will dismiss an action for lack of jurisdictional amount. In the present case we have the novel situation of a plaintiff-insured challenging the amount claimed in her complaint as excessive and a defendant-insurer asserting that plaintiff's claim in excess of the policy limits is proper. Nevertheless, plaintiff having raised a jurisdictional question, we must examine the complaint to see whether, as a matter of law, it puts in controversy the requi-

---

3. U.S.Code Congressional & Administrative News, p. 2778 et seq. (1964).

4. § 1332(a) reads as follows:
   "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
   (1) citizens of different States."

site jurisdictional amount. In this diversity case, we must look to state law to determine the nature and extent of the right to be enforced. Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S. Ct. 1570, 6 L.Ed.2d 890 (1961). To date Mississippi appears not to have passed on the question of whether an insured may recover medical expenses under a medical payments clause in excess of the liability limits stated in the uninsured motorist clause. Some states have, however, allowed such recovery. Tuggle v. Government Employees Ins. Co., 207 So. 2d 674 (Fla.1968); see Annotation at 79 A.L.R.2d 1252 and Later Case Service. Uninsured motorist coverage is made obligatory upon all Mississippi drivers by § 8285–51 Miss.Code 1942 Ann. At this stage the policy provisions do not appear to be definitive, although it is well established in Mississippi that policy clauses providing for payment of medical expenses must be liberally construed in favor of the insured. State Farm Mutual Automobile Ins. Co. v. Johnson, 242 Miss. 38, 133 So.2d 288 (1961). In view of the above considerations, we cannot say *to a legal certainty* that Mississippi courts would refuse plaintiff the relief she now seeks here. Therefore, we hold that the amount demanded by plaintiff's suit must control, and her motion to remand for lack of jurisdictional amount for the foregoing reasons must be denied.

### III.

■ During oral argument on plaintiff's motion to remand, a question was raised as to whether plaintiff could aggregate in one suit the amounts claimed under the two separate policies to meet jurisdictional amount, or whether the general rule forbidding aggregation of claims applies to this case, thereby reducing plaintiff's claim below the jurisdictional amount. Since this action involves a single plaintiff and a single defendant, the plaintiff 'may join as many claims as she has against that defendant in one action, Rule 18, F.R.Civ. P., and may aggregate the amounts

claimed. Pearson v. National Society of Public Accountants, 200 F.2d 897 (5 Cir. 1953); Wright, Law of Federal Courts (1970 ed.), ch. 5, p. 121; Moore's Federal Practice, § 0.97, p. 882. Thus plaintiff's aggregation of her claims under the separate policies herein was not improper, and her motion to remand on that ground also must be denied.

### IV.

■ Another question raised in oral argument was whether plaintiff's joinder of her claims under the two policies was proper under state court rules of pleading in Mississippi, and if not, whether the Circuit Court of Tallahatchie County was without jurisdiction of this action. If the state court is without jurisdiction in the first instance, a federal court will have no removal jurisdiction based thereon even if the federal court would have had original jurisdiction had the action originally been brought there. Otherwise stated, federal removal jurisdiction is purely derivative, and if the state court had no jurisdiction, the federal court acquires none, and cannot even remand, but must dismiss for want of jurisdiction. Wright, p. 132. This argument must fail for two reasons: (1) it appears that under Mississippi law plaintiff could have sued on two separate policies issued by the same company where the claims under both policies arose out of a single occurrence, Columbian Mut. Life Ins. Co. v. Gunn, 173 Miss. 897, 163 So. 454 (1935), and (2) even if under state rules of pleading plaintiff could not have joined her claims under both policies in a single suit, the Mississippi state court would still have had subject matter jurisdiction, joinder rules being merely procedural and not jurisdictional. In such case, the more relaxed federal joinder rule will apply and plaintiff will be allowed to sue defendant here under both policies in a single action. Thus plaintiff's fourth challenge to this court's removal jurisdiction also fails, and her petition to remand will be denied.