Pinkey WHITE, Plaintiff, Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant, Appellee.

No. 6918.

United States Court of Appeals First Circuit.

Heard Sept. 13, 1967.

Decided Sept. 29, 1967.

979

---

Sanford H. Gorodetsky and William G. Gilroy, Providence, R. I., for appellant.

Bruce M. Selya, Providence, R. I., with whom John F. McDonough and Gunning & LaFazia, Providence, R. I., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is a declaratory action against a casualty company that refused to defend a suit brought against the plaintiff-appellant, and subsequently refused to satisfy the judgment rendered against her, on the asserted ground that its policy was not in force at the time of the accident.* We have previously determined jurisdiction. White v. United States Fidelity and Guaranty Company, 1 Cir., 1966, 356 F.2d 746. The facts are simple. In August 1961 the plaintiff, through one Moore, a general insurance agent licensed to represent the defendant and a number of other companies, acquired an automobile liability insurance policy from the defendant. In November 1961 the plaintiff received a notice of cancellation from defendant's local office. The notice was signed by an individual described as "Authorized Representative," but did not bear the signature of an officer of the defendant. It was not accompanied by a refund of premium, but it stated that the adjustment would be made. A month later plaintiff was involved in an automobile accident, and was subsequently found liable in damages. Plaintiff resists the defendant's disclaimer on two grounds; one that the notice of cancellation was ineffective because not signed by a duly authorized agent of the defendant, and the other that she had not received the premium refund.

We cannot accept plaintiff's claim that a notice of cancellation has to be signed personally by the president or other high-ranking officer of the company, and that this authority cannot be delegated. Whatever may have been the situation a century and a half ago, cf. Head and Amory v. Providence Ins. Co., 1802, 6 U.S. (2 Cranch) 127, 2 L.Ed. 229, it is obvious that business is not done, and cannot reasonably be done, on such a basis today. Nor do we find that the defendant's by-laws prevented delegation. The plaintiff has not successfully impugned the authority of the individual in defendant's local office to carry on such normal business. As to her claim that a facsimile signature of an officer should have been affixed, we reject the contention that this is a requirement of a valid notice.

While not necessary to do so, we observe also that plaintiff accepted the notice of cancellation without complaint at the time. This conduct is more par-

---

* A companion appeal, No. 6917, by one Evans, the judgment creditor, raises no separate question.

ticularly relevant with respect to her second contention. When plaintiff received the notice she telephoned agent Moore. According to her testimony, he "told me that he had my money, and he said he was going to get another insurance policy for me, and I relied upon him to do so." This action was not only an acceptance of the cancellation; it was an exercise of dominion over the premium refund, requesting its application to a policy in another company. Thereafter Moore was holding the refund as the agent of the plaintiff. Under these circumstances we do not reach the question of plaintiff's rights had no refund been made.

Affirmed.