**Jerome R. MURPHY, Plaintiff,**

v.

**The HERTZ CORPORATION et al.,
Defendants.**

**Civ. No. 71–800.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Feb. 28, 1972.

John D. Cheek, Oklahoma City, Okl., for plaintiff.

Ben A. Goff, Oklahoma City, Okl., for Hertz and Royal-Globe.

Jerome E. Hemry, Oklahoma City, Okl., for American Mutual Insurance Co.

Edgar Fenton, Oklahoma City, Okl., for Insurance Co. of North America.

## ORDER

DAUGHERTY, District Judge.

Plaintiff sues the Defendants requesting a Declaratory Judgement (28 U.S.C. A. § 2201) that Defendants have insurance coverage protecting Plaintiff regarding an accident in which the Plaintiff was involved with Jewel J. Kerr, in Oklahoma City, Oklahoma, and for which accident she has sued Plaintiff in the District Court of Oklahoma County, Oklahoma. Plaintiff alleges and relies on diversity jurisdiction under 28 U.S. C.A. § 1332(a).

Defendants Insurance Company of North America and American Mutual Insurance Company have filed separate Motions to Dismiss the case as to them for lack of jurisdiction, claiming that diversity of citizenship is not present because of the provisions of 28 U.S.C.A. § 1332(c). This section reads:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

Said Defendants assert that Plaintiff's case is a direct action against them as liability insurers in which Plaintiff claims to be their insured and Plaintiff is, of course, not joined with them as a party defendant; that in these circumstances according to the above Statute, these Defendants are citizens of the same state as Plaintiff which brings about a lack of diversity of jurisdiction. Plaintiff denies that his action herein is a direct action as contemplated by said Statute and asserts that diversity jurisdiction exists herein under 28 U.S.C.A. § 1332(a).

Said Defendants cite no case in support of their position. On the other

hand Plaintiff cites the cases of White v. United States Fidelity and Guaranty Company, 356 F.2d 746 (First Cir. 1966) and Government Employees Insurance Company v. LeBleu, 272 F.Supp. 421 (E.D.La.1967) to the effect Plaintiff's case herein is not a "direct action" as contemplated by said Statute.[1]

On the authority of the above cases, it is believed that said Defendants' Motions are without merit; that 28 U.S.C.A. § 1332(c) is not applicable herein; that diversity jurisdiction is present herein under 28 U.S.C.A. § 1332(a); that said Motions should be overruled.

---

1. Under a "direct action" Statute of a state an action may be brought by a local person who is injured directly against a foreign insurance carrier of a local tortfeasor without joining the local tortfeasor as a Defendant.