Pinkey **WHITE** et al., Appellants,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant, Appellee.

No. 6632.

United States Court of Appeals
First Circuit.

Heard Jan. 4, 1966.

Decided Feb. 25, 1966.

William G. Gilroy, Providence, R. I., for Pinkey White, appellant.

Sanford H. Gorodetsky, Providence, R. I., for William Evans, appellant.

Bruce M. Selya, Providence, R. I., with whom John A. Baglini and Gunning & LaFazia, Providence, R. I., were on brief, for appellee.

Before ALDRICH, Chief judge, and McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

The question presented in this appeal is whether the district court correctly refused to remand this cause to a state court for alleged lack of diversity jurisdiction.

The plaintiff, a Rhode Island citizen, as the result of an automobile accident and subsequent litigation, is a judgment debtor of defendant Evans, also a Rhode Island citizen. Defendant, United States Fidelity and Guaranty Company, a Maryland corporation, had issued a liability policy to plaintiff. Seven weeks before the accident, plaintiff received from Fidelity a notice of cancellation but claims that, because Fidelity had never refunded such unearned premium as plaintiff was entitled to, the policy was in effect at the time of the accident. Plaintiff therefore brought this petition in the Superior Court of Rhode Island, seeking a declaratory judgment which would establish Fidelity's coverage of plaintiff at the time of the accident and direct Evans to seek satisfaction solely from Fidelity.

■ Fidelity caused the case to be removed to the federal district court. Motions to remand for lack of diversity were made by plaintiff and defendant Evans and, after hearing, were denied by the district court. The case comes before us at this time under the authority of 28 U.S.C. § 1292(b), the district court having recommended immediate appeal and we having granted leave. We affirm the order denying the motions to remand.

■ The major issue is whether, because of 28 U.S.C. § 1332(c) [1], Fidelity shall be deemed a citizen of Rhode Island because its alleged insured, plaintiff, is a Rhode Island citizen. Plaintiff argues that since her petition for a declaratory judgment is a "direct action", and since she, the insured, is not "joined as a party defendant", the statute must apply to this case. Fidelity, on the other hand, contends that the statute refers only to cases brought by an alleged victim of a tort under a "direct action" statute against the liability insurer of the alleged tortfeasor. The district court, correctly we think, accepted the latter contention.

Since the statute was enacted in 1964, this is apparently a case of first impression, with no precedents directly applicable. There is, however, an abundant legislative history which shows exactly what Congress intended. In the Senate report [2] which accompanied the statute, the legislative purpose was set forth succinctly:

"The purpose of the proposed legislation is to amend section 1332(c) of title 28, United States Code, so as to eliminate under the diversity jurisdiction of the U. S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."

The report then makes clear that the words "direct action" were used to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the

1. Section 1332(c) provides in pertinent part:

    "* * * Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the

    State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

2. S.Rep.No. 1308, 88th Cong., 2d Sess. 1, U.S.Code Cong. & Admin.News 1964, p. 2778 (1964).

insurer alone.[3] Under the impulse of this statute, according to statistics submitted to the Judiciary Committees of the Congress by the Administrative Office of the United States Courts, the Eastern District of Louisiana was flooded with "direct action" suits against out-of-state insurance companies, accounting substantially for a 50 per cent increase in private cases and a 150 per cent increase in caseload per judge over national averages. This traumatic experience, as an indicator of what might happen elsewhere in the nation, persuaded the Judicial Conference of the United States, the Department of Justice, and the Congress that such cases "do not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system".[4]

Plaintiff asks us to consider the statute as if there were no such clear legislative purpose. Even were we so to proceed with the canons of statutory construction, and consider every word as having significance, we would have trouble in accounting for the deliberate use of the adjective "direct". On plaintiff's theory, a statute which was meant to apply to the case at bar might better and more economically be worded "in any action against the insurer". Cf. United States v. P. F. Collier & Son, Corp., 7 Cir., 1953, 208 F.2d 936, 940, 40 A.L.R.2d 1389.

We conclude on this issue by pointing out a logical impasse confronting plaintiff. She seeks to invoke Section 1332(c) to destroy diversity jurisdiction on the ground that this is an action against the insurer where the insured is not joined as a party defendant. But the whole substantive issue raised by her petition for declaratory judgment is whether at the date of the accident she was an insured and Fidelity was her insurer. In short, resolution of the ultimate substantive issue is a prerequisite to the resolution of the preliminary jurisdiction issue. This inverse illogic is another reason why Congress could not have intended the statute to have a broader reach than the purpose it so unequivocally described.

■ There remains one other plausible obstacle to removal, the existence of Evans, an admitted Rhode Island citizen, as a co-defendant. The district court, applying 28 U.S.C. § 1441(c) [5], held that the cause against Fidelity was "a separate and independent claim" over which it had original jurisdiction and that therefore all matters could be properly removed.

We confess at the outset that we do not see on what theory a judgment debtor has any claim or cause of action against a judgment creditor on the facts of this case. If Evans is a proper party in this action, he does not belong on the defendant's side of the fence. His interest is identical with that of plaintiff. Realigning the parties realistically, Bonell v. General Acc. Fire & Life Assur. Corp., N.D.Cal., 1958, 167 F.Supp. 384, 385, we have two Rhode Island plaintiffs against a Maryland defendant. If, notwithstanding, other authority were needed on the propriety of the district court's holding that plaintiffs' claim against Fidelity is separate and independent, we cite Hartford Acc. & Indem. Co. v. Shaw, 8 Cir., 1959, 273 F.2d 133 n. 2; Mitchell v. Southern Farm Bureau Cas. Ins. Co., W.D.Ark., 1961, 192 F.Supp. 819.

■ Finally, plaintiff argues even less plausibly that the district court should

---

3. The report cited Kujawa v. American Indem. Co., 1944, 245 Wis. 361, 14 N.W. 2d 31, 151 A.L.R. 1133; Watson v. Employers Liab. Corp., 1954, 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74; and Lumbermen's Mut. Cas. Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59. See also Aponte v. American Sur. Co., 1 Cir., 1960, 276 F.2d 678, 680.

4. S.Rep.No. 1308, 88th Cong., 2d Sess. 7 (1964).

5. 28 U.S.C. § 1441(c):
   (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

have remanded because the substantive issue must be decided under the contract law of Rhode Island. We see nothing in this case to constitute it "exceptional" under the caveat of Meredith v. City of Winter Haven, 1943, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9, which would warrant federal restraint. On the contrary were we to direct remand for this reason, we would be unconscionably shrinking the diversity jurisdiction. In re President and Fellows of Harvard College, 1 Cir., 1945, 149 F.2d 69.

Affirmed.