Barbara Nell BISHOP and Billy E.
Bishop, Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
Defendant.

No. ED 70-C-7.

United States District Court,
W. D. Arkansas,
El Dorado Division.

June 22, 1970.

Robert C. Compton (Brown, Compton, Prewett & Dickens), El Dorado, Ark., for plaintiffs.

John M. Shackleford, Shackleford & Shackleford, El Dorado, Ark., for defendant.

MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

This case is a removal cause from the Union County Circuit Court, Second Division, El Dorado, Arkansas. The plaintiffs are citizens and residents of the City of El Dorado, Arkansas, and the defendant, Allstate Insurance Compay, is a corporation organized under the laws of the State of Illinois, with the principal place of business at Northbrook, Illinois. The amount in dispute exceeds the sum of $10,000, exclusive of interest and costs.

The plaintiffs have filed a motion to remand the cause of action to the Circuit Court of Union County, Arkansas, Second Division. The plaintiffs contend lack of diversity of citizenship as required by 28 U.S.C.A. § 1332(c).[1] The only issue

1. 28 U.S.C.A. § 1332(c): "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further*, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

is whether Allstate is deemed to be a citizen of Arkansas within the purview of the 1964 amendment to § 1332 as pertinent to this proceeding. The plaintiffs argue that since the complaint is a "direct action" against the defendant, Allstate Insurance Company, the amended statute is applicable. Allstate contends that the statute referred only to case brought by a claimant in a tort action under a "direct action" statute against the insurer of the alleged tortfeasor.

The complaint alleges that the defendant issued its liability insurance policy to the plaintiff, Billy E. Bishop, for valid consideration on a 1966 Mercury automobile. While the policy was in force and effect, on or about July 16, 1969, a collision occurred which caused injury to the plaintiff, Barbara Nell Bishop. The collision occurred with a 1966 Mustang driven by one Merlon J. Roberts, a citizen and resident of Minden, Louisiana, who was an uninsured motorist within the meaning of the policy of insurance.

Under Arkansas law liability insurance coverage is required against uninsured motor vehicles unless rejected by the insured. Ark.Stat. 66–4003. There is no "direct action" statute of Arkansas such as provided by the respective legislatures in Louisiana and Wisconsin.

 The United States District Court has jurisdiction in an uninsured motorist claim against the insurer if diversity is present and the amount involved exceeds $10,000. Wortman v. Safeco Insurance Company of America, D.C., 227 F.Supp. 468, Cf. Rogers v. United Service, 6 Cir., 410 F.2d 598, 602, 603.

The Court concludes that the contention of the plaintiffs is misplaced in that the amendment § 1332(c) providing that the insurer shall be a citizen of the state of which the insured is a citizen is applicable only to those states that provided "direct action" in similar tort actions. White v. United States Fidelity & Guaranty Company, 356 F.2d 746 (First Cir. 1966); Henderson v. Selective Insurance Company, 369 F.2d 143,

149 (Sixth Cir. 1966); Carvin v. Standard Accident Insurance Company, D.C., 253 F.Supp. 232.

It appearing to the Court that this cause of action has been properly removed here, plaintiffs' motion to remand is denied.