**William R. IRVIN, Plaintiff,**

v.

**ALLSTATE INSURANCE CO., a corporation, Defendant.**

**No. CIV–77–0025–D.**

United States District Court,
W. D. Oklahoma.

June 9, 1977.

H. J. Mesigh, Oklahoma City, Okl., for plaintiff.

Kenneth R. Webster, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action arising out of an auto accident in Logan County, Oklahoma, in which Plaintiff seeks recovery under the uninsured motorist provisions of an insurance policy issued to Plaintiff's wife by Defendant. Plaintiff originally brought this action in the District Court of Oklahoma County and Defendant removed the case to this Court alleging that diversity jurisdiction exists as Plaintiff is a Texas resident and citizen and Defendant is an Illinois corporation with its principal place of business in Illinois and the amount in controversy exceeds $10,000.00. Defendant subsequently filed a Motion for Consolidation in which Defendant seeks to consolidate this case for trial with Case No. CIV–77–0026–D which arose out of the same accident that gave rise to the instant case. However, prior to entertaining Defendant's Motion, the Court requested a Brief concerning the Court's jurisdiction from all parties in these two actions.

In his Brief filed at the Court's request, Plaintiff asserts that this case is an action brought directly against Plaintiff's insurance carrier based on the holding of *Keel v. MFA Insurance Co.*, 553 P.2d 153 (Okl. 1976),[1] and that as Plaintiff is a Texas citizen, Defendant is deemed to be a Texas citizen under 28 U.S.C. § 1332(c) so that this Court lacks jurisdiction and this case should therefore be remanded to the District Court of Oklahoma County.

In its Brief, Defendant contends that the "direct action" provision of 28 U.S.C. § 1332(c) was intended to apply to the situation where one person is allowed to sue the insurer of a second person without joining said second person and does not apply to a suit brought by an insured against his own insurer under the uninsured motorist provisions of the policy.

28 U.S.C. § 1332(c) provides as follows:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further*, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

The proviso of the above section was added in 1964. The legislative history of the 1964 amendment to § 1332(c) discussed in *White v. United States Fidelity and Guaranty Co.*, 356 F.2d 746 (1 Cir. 1966), makes it clear that the words "direct action" were used to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone. Therefore, the primary purpose of § 1332(c) would seem to have been to remedy the overcrowding of the dockets of the federal courts in Louisiana and Wisconsin caused by the fact that citizens of those states injured by the negligence of their fellow citizens covered by liability insurance poli-

---

1. The Supreme Court of Oklahoma at page 158 of its opinion in *Keel* lists four options available to an insured who has a claim against an uninsured motorist. The first option listed and the one applicable to the instant case is that the insured "may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action." As authority for this option the court relied on *Associated Indemnity Corp. v. Cannon*, 536 P.2d 920 (Okl.1976) which held that an insured has a right to sue his insurer under the uninsured motorist coverage provision of the policy without first obtaining a judgment against the uninsured motorist tortfeasor as the insurer's obligation to the insured is a direct contractual obligation.

cies issued by foreign insurers could litigate or be compelled by removal to litigate in the federal courts claims that ordinarily would have been litigated in the local state courts. *Lassiter v. State Farm Mutual Automobile Insurance Co.*, 371 F.Supp. 1221 (E.D.Ark.1974).

 Courts which have construed § 1332(c) have uniformly held that Congress intended the word "direct" to limit the word "action" so that its impact is narrowed to those situations in which an injured party is permitted to sue, directly and without joinder of the tortfeasor, the tortfeasor's liability insurer without first obtaining a judgment against the tortfeasor himself. *Lank v. Federal Insurance Co.*, 309 F.Supp. 349 (D.Del.1970); *see White v. United States Fidelity and Guaranty Co.*, *supra*; *Walker v. Firemans Fund Insurance Co.*, 260 F.Supp. 95 (D.Mont.1966); *Carvin v. Standard Accident Insurance Co.*, 253 F.Supp. 232 (E.D.Tenn.1966), *aff'd*, 395 F.2d 326 (6 Cir. 1968). Accordingly, actions by an insured against his own insurer under the uninsured motorist provisions of the policy have been held not to constitute direct action within the proviso of § 1332(c). *Adams v. State Farm Mutual Automobile Insurance Co.*, 313 F.Supp. 1349 (N.D.Miss. 1970); *Bishop v. Allstate Insurance Co.*, 313 F.Supp. 875 (W.D.Ark.1970); *Inman v. MFA Mutual Insurance Co.*, 264 F.Supp. 727 (E.D.Ark.1967).

In the instant case, Plaintiff has brought an action against his own insurer under the uninsured motorist coverage provisions of the policy. In view of the foregoing analysis of § 1332(c), it is apparent that Plaintiff's suit is not a "direct action" within the meaning of the proviso of said section. Therefore, the Court finds and concludes that the jurisdictional allegations of Defendant's Petition for Removal are sufficient, if proven, to establish jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Accordingly, Plaintiff's request that this action be remanded to the District Court of Oklahoma County should be denied.

Plaintiff is directed to respond to Defendant's Motion for Consolidation within ten (10) days of this date. If said Motion is opposed said Response is to be accompanied by a Brief of authorities relied upon in opposition thereto.

It is so ordered this 9th day of June, 1977.