Mrs. Totsi L. **FERRARA**, by her sister and next friend, Cleo Dagley, Plaintiff,

v.

The **AETNA CASUALTY AND SURETY**, Defendant.

Civ. No. 77–2095.

United States District Court, W. D. Arkansas, Fort Smith Division.

Sept. 6, 1977.

Robert S. Blatt, Fort Smith, Ark., for plaintiff.

William P. Thompson, Fort Smith, Ark., for defendant.

MEMORANDUM OPINION

PAUL X WILLIAMS, District Judge.

On June 22, 1977, the plaintiff, Mrs. Totsi Ferrara, by her sister and next friend, Cleo

Dagley, commenced suit against Aetna Casualty and Surety Company. The complaint alleges that the plaintiff, Mrs. Ferrara, is a citizen of Arkansas and that Aetna is a Connecticut corporation with its principal place of business in a state other than Arkansas. Mrs. Ferrara contends that she was damaged in an amount exceeding $10,-000.00 due to the negligence of the employees of St. Edward's Mercy Medical Center.

By statute the State of Arkansas has provided a direct cause of action against the liability insurers of charitable organizations immune from tort liability. Ark.Stat.Ann. § 66–3240 provides as follows:

When liability insurance is carried by any co-operative nonprofit corporation, association or organization or by any municipality, agency or subdivision of a municipality or of the State or by any improvement district, school district, or by any other organization or association of any kind or character, not subject to suit for tort, and any person, firm or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of any such organization, association, municipality or subdivision, its servants, agents or employees acting within the scope of their employment or agency, then such person, firm or corporation so injured or damaged shall have a direct cause of action against the insurer with which such liability insurance is carried to the extent of the amount or amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy, and such insurer shall be directly liable to such insured person, firm or corporation for such damages to the extent of such coverage in such liability insurance policy, and the plaintiffs may proceed directly against the insurer regardless of the fact that the actual tortfeasor may not be sued under the laws of the state.

The attorneys have agreed that St. Edwards Mercy Medical Center is a non-profit corporation, organized under the laws of Arkansas with its principal place of business in Fort Smith and that it is a charitable institution immune from tort liability.

On July 29, 1977, the defendant filed its motion to dismiss alleging the lack of diversity of citizenship between the parties. The defendant contends that this suit is governed by the proviso of 28 U.S.C. § 1332(c) so that Aetna is deemed a citizen of Arkansas.

28 U.S.C. § 1332(c) provides as follows:

(c) For the purpose of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Applying these principles to the case at bar, we find that both the plaintiff and defendant are deemed citizens of the State of Arkansas and therefore, this suit must be dismissed for lack of subject matter jurisdiction.

Plaintiff contends that the proviso of § 1332(c) is not applicable because she could not sue the insured, St. Edwards Mercy Medical Center, due to the doctrine of charitable immunity.

We find the statute to be unambiguous and to be applicable regardless of whether the injured person could sue the insured. The same argument was advanced before the Court of Appeals for the Fifth Circuit, who said:

Travelers also argues that the proviso to § 1332(c) does not apply because under Texas law, the injured employee is not allowed to sue his employer directly, but is instead relegated to an action against the insurer. His remedy is before the Texas Industrial Accident Board; and in judicial review proceedings after the board has acted, the parties are the em-

ployee and the insurer, not the employer. *See Vernon's Ann.Tex.Rev.Civ.Stat.,* art. 8306, § 3. This fact does not change our conclusion, however. Indeed, the Texas law goes further than a "direct action" statute, which simply permits a suit against the insurer, without joining the insured. The action in Texas against the insurer is still a "direct action", as we conceive it; the workmen's compensation context in Texas is still one where, in the words of the Vines court, "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insur[e]r without joining the insured and without having first obtained a judgment against the insured. *Hernandez v. Travelers Ins. Co.,* 489 F.2d 721, 724 (5th Cir. 1974).

This Court recognizes that 28 U.S.C. § 1332(c) is inapplicable to an interpleader action (*Home Indemnity Co. v. Moore,* 499 F.2d 1202 (8th Cir. 1974)), to suits by the insured (*White v. United States Fidelity & Guaranty Co.,* 356 F.2d 746 (1st Cir. 1966)), and to actions on uninsured motorist policies (*Bishop v. Allstate Ins. Co.,* 313 F.Supp. 875 (W.D.Ark.1970). The case at bar is a direct action brought by an injured person against his tortfeasor's liability insurer. 28 U.S.C. § 1332(c) provides, without exception, that in such situations the insurer will also be deemed a citizen of the state of which the insured is a citizen.

The Clerk will prepare an order of dismissal.