Jackie McMURRY, Plaintiff,

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant.**

Civ. No. 78–72065.

United States District Court,
E. D. Michigan, S. D.

Oct. 23, 1978.

**210**

P. Charles Peters, Livonia, Mich., for plaintiff.

Larry G. Mason, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for defendant.

## OPINION AND ORDER REMANDING CASE TO THE CIRCUIT COURT FOR THE COUNTY OF WAYNE, STATE OF MICHIGAN

CORNELIA G. KENNEDY, Chief Judge.

Plaintiff Jackie McMurry was injured in an automobile accident that occurred June 12, 1977, while she was a passenger in an automobile driven and owned by one L. C. King. Plaintiff, who is a Michigan resident, filed suit in the Wayne County Circuit Court under the Michigan No-Fault Insurance Act, Mich.Comp.L.Ann. §§ 500.3101–500.3179 against defendant, Prudential Property and Casualty Insurance Company, the insurer of King's automobile, alleging that it had failed to reimburse her for all of her medical expenses incurred on account of injuries sustained in the June 1977 accident and that its failure to pay those expenses was willful and wanton. Defendant insurer, which is incorporated in New Jersey and has its principal place of business in that state, removed the action to this court, asserting diversity of citizenship and the requisite jurisdictional amount in controversy.

On August 31, 1978, this Court ordered the defendant to show cause why this suit should not be remanded to state court on the grounds that under direct action proviso to 28 U.S.C. § 1332(c) there is no federal jurisdiction, since absent the No-Fault Insurance Act, plaintiff would have the right to sue King directly for the same damages she seeks in this action. The defendant filed a timely reply, and the Court must now determine whether it does have jurisdiction to hear the case. In order to do so, the Court must consider the application of the proviso to 28 U.S.C. § 1332(c) to this case.

In 1964 Congress amended 28 U.S.C. § 1332(c) in order to limit federal jurisdiction in certain cases involving insurance companies. It added the following proviso:

*Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer had been incorporated and of the State where it has its principal place of business.

The initial impetus for the amendment was the enactment of direct action statutes in Louisiana and Wisconsin. The legislatures of those states passed statutes that allowed suit to be brought by an injured party directly against a tortfeasor's insurance company, rather than pursuing the tortfeasor as at common law. "As a result of these two statutes, tort cases involving only local residents, which in the other States would come within the exclusive jurisdiction of the State courts, would permit the filing of the law suits in the U.S. district courts in the respective States." [1964] U.S.Code Cong. & Admin.News, pp. 2778, 2779. There was consequently an intolerable increase in the number of federal cases pending, at least in Louisiana. *Id.; Henderson v. Selective Insurance Co.,* 369 F.2d 143, 149 (6th Cir. 1976); *Cunningham v. State Farm Mutual Automobile Ins. Co.,* 297 F.Supp. 1138 (E.D.Tenn.1969).

The proviso operates to divest a court of federal diversity jurisdiction when there is (1) a policy or contract of liability insurance; (2) a direct action against an insurer

(particularly, in view of the origin of the proviso, a direct action which is the creation of state legislative action); and (3) the insured is not a party-defendant.

Although the direct action statutes provided the original impetus for the amendment, the proviso is worded more broadly and reflects the congressional intent that it be applied in nominally diverse actions which do not belong in a federal court.

> The purpose of the [amendment is] to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant.

[1964] U.S.Code Cong. & Admin.News, pp. 2778, 2778–79. See Henderson, supra, at 149; Ferrara v. Aetna Casualty & Surety, 436 F.Supp. 929, 930 (W.D.Ark.1977); Narvaez v. British American Insurance Co., 324 F.Supp. 1324 (D.P.R.1971). The amendment is an attempt to provide a fairer, more logical jurisdictional basis unaffected by the unanticipated side effects of law reform.

In order for the proviso to be effective, federal courts must interpret it liberally, in favor of withdrawing federal jurisdiction in the defined cases, and in most cases, the courts have done so. See O. M. Greene Livestock Co. v. Azalea Meats, Inc., 516 F.2d 509, 510 (5th Cir. 1975); Hernandez v. Travelers Insurance Co., 489 F.2d 721, 723 (5th Cir. 1974), cert. denied, 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974); Fiorentino v. Travelers Insurance Co., 448 F.Supp. 1364, 1367 (E.D.Pa.1978). The statute has been applied in cases involving fire insurance, Lane v. Insurance Co. of N. America, 268 F.Supp. 345 (E.D.Tenn.1967); worker's compensation, Vines v. United States Fidelity & Guaranty Co., 267 F.Supp. 436 (E.D.Tenn. 1967); and charitable immunity statutes, Ferrara, supra. At least one court has applied the statute when the insurer was the

plaintiff, in keeping with the spirit of the law, Campbell v. Insurance Co. of N. America, 552 F.2d 604 (5th Cir. 1977); see also O. M. Greene, supra; but cf. Bourget v. Government Employees Ins. Co., 313 F.Supp. 367, 370–71 (D.Ct.1970), rev'd, 456 F.2d 282 (2d Cir. 1972). Indeed, it has been applied in a situation in which it was not merely possible to bring suit directly against the insurer but mandatory. In other words, in the particular instance, unlike that of the original direct action statutes, the insured could never be joined as a party-defendant. Hernandez v. Travelers Insurance Co., 489 F.2d 721, 724 (5th Cir. 1974), cert. denied, 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974).

 The question of whether and under what circumstances the proviso applies to a suit brought under a state no-fault statute is not easily resolved. At the time Congress passed the direct action proviso, the concept of no-fault was no more than an idea of Professors Keeton and O'Connell; whereas today it has produced a major change in tort law. There are a number of reasons why although not specifically passed to eliminate diversity in no-fault cases the proviso should apply to diversity so created. First, there can be no question that no-fault is still a part of an ongoing tort liability system. See, e. g., Mich.Comp. L.Ann. § 500.3135; McKendrick v. Petrucci, 71 Mich.App. 200, 247 N.W.2d 349 (1976). No-fault actions possess the hallmarks of direct actions. Therefore, the proviso should apply in no-fault suits, at least in those instances where the named insured is not the plaintiff. This suit is based on a policy or contract of liability insurance, it involves a direct action against an insurer, and the insured is not a party-defendant, but would be, were it not for the no-fault statute.

Although the defendants may contend that the proviso is inapplicable because no-fault is an indemnity contract rather than a policy or contract of liability insurance as required by the proviso, that characteriza-

tion does not necessarily follow. At least one court has tentatively agreed with the defendant's definition, *cf. Twin City Fire Insurance Co. v. Wilkerson*, 247 F.Supp. 766 (E.D.Tenn.1965), impliedly overruled by *Lane, supra; but see Johnson v. American Mutual Liability Insurance Co.*, 559 F.2d 382 (5th Cir. 1977). However, there is no reason to think that Congress intended to give the word "liability" an overly precise definition in this context. It is more likely that the term was used to confine the proviso's operation to common law tort cases, *but see Hernandez, supra*, at 723. Furthermore, no fault insurance has been denominated liability insurance in the Michigan no-fault statute itself. *See, e. g.*, Mich. Comp.L.Ann. §§ 500.3112, 500.3121(1).

It is also the case that courts have had no problem applying the proviso to worker's compensation cases, which no more involve liability than does no-fault. It has been recognized that no-fault and worker's compensation are analogous in their purposes and the means chosen to achieve the purposes, *Pinnick v. Cleary*, 360 Mass. 1, 271 N.E.2d 592, 602 (1971). As with no-fault, the compensation carrier is liable to pay based on its contract, not as a result of a finding of fault based on tort law.

> The insurer's legal liability can be no greater than the extent of its underlying contractual undertaking with its insured. Nothing in the direct action statute says otherwise. . . . To be sure, we have characterized the direct action statute as creating 'a separate cause of action' against the insurer, . . . [b]ut the cause of action merely permits an injured party to maintain directly against the insurer the same claim it would have pursued against the insured. It has never been suggested that under the direct action statute the insurer's liability somehow becomes independent of its contractual obligations.

*Rodriguez v. Litton Industries Leasing Corp.*, 574 F.2d 44, 45–46 (1st Cir. 1978) (citations omitted).

It is also apparent that the no-fault statute in Michigan is a species of direct action. The Michigan No-Fault Insurance Act, Mich.Comp.L.Ann. §§ 500.3101–500.3179, represents a state reform that makes it possible to bring suit in certain cases directly against an insurer, rather than suing the tortfeasor in a common law suit.[1] Federal courts hearing analogous worker's compensation cases have been satisfied that worker's compensation suits can be direct actions within the meaning of the proviso, that is, the case is immediate between the injured claimant and the insurer, *see, e. g., Campbell v. Insurance Co. of N. America*, 552 F.2d 604 (5th Cir. 1977); *Vines v. United States*, 267 F.Supp. 436 (E.D.Tenn.1967). Both no-fault and worker's compensation cases are similar to the original direct action statutes in that they both allow suit to be brought directly against an insurer as a result of state legislative action.

> The Michigan No-Fault Insurance Act, which became law on October 1, 1973, was offered as an innovative social and legal response to the long payment delays, inequitable payment structure, and high legal costs inherent in the tort (or 'fault') liability system. The goal of no-fault insurance was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses. . . . Under this system, victims of motor vehicle accidents would receive insurance benefits for their injuries as a substitute for their common-law remedy in tort.

*Shavers v. Attorney General*, 402 Mich. 554, 578–79, 267 N.W.2d 72, 77 (1978); *Surman v. Griebel*, 439 F.Supp. 1118, 1119–20 (D.Nev.1977).

It is obvious that Michigan's no-fault act is the sort of legislation Congress intended

---

1. In most cases it is possible to receive reimbursement for injuries without the need for litigation of any kind.

to cover in the proviso. But for the change created by the Michigan State Legislature, there would be no apparent jurisdiction in federal court to hear accident cases of an essentially local nature. It cannot be argued that the Michigan legislature intended to have or even could have any effect on federal jurisdiction by reforming its tort laws. In particular, where there are larger federal interests at stake—in this case, reducing the overload on federal dockets [2]—it is incumbent upon a federal court to apply the law to further the congressional policy. *Cf. Miller v. Davis*, 507 F.2d 308, 313 (6th Cir. 1974). As an independent system, the federal courts must be concerned with the effect of a state law which disrupts the federal system, *cf. Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 537–38, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and places an undue burden on it.

The final requirement of the direct action proviso is that the insured not be a party-defendant. In this case, the insured is L. C. King, who is not a party to the present suit. It does not appear from the pleadings that the insured is a citizen of any state other than Michigan. Imputing his citizenship to the insurer destroys diversity, and this Court is accordingly without jurisdiction to hear the case.

For the reasons stated above, the case is remanded to the Wayne County Circuit Court.

---

**2.** It is ironic that no-fault was intended to reduce the load on state court dockets, but it may do so, in part, by transferring part of the load to federal courts. *Pinnick v. Cleary*, 360 Mass. 1, 271 N.E.2d 592, 602 (1971); *Shavers, supra.*