**Mildred WATKINS, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Defendant.**

No. 79–40215.

United States District Court,
E. D. Michigan, S. D.

Oct. 3, 1980.

David J. Megdell, Flint, Mich., for plaintiff.

James L. Borin, Detroit, Mich., for defendant.

## ORDER

NEWBLATT, District Judge.

A motion for remand to the Circuit Court for the County of Genesee, State of Michigan having been brought before the Court under the following circumstances:

1. Plaintiff filed a civil suit against the Defendant, Allstate Insurance Co., in the Genesee County Circuit Court for benefits provided under the Michigan No–Fault Act, M.C.L.A. § 500.3101 *et seq.* for an automobile accident of May 13, 1979.

2. Defendant, Allstate Insurance Co., is an Illinois Corporation with its principal place of business in Illinois, such that diversity of citizenship exists.

3. The Defendant removed this case to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

4. The Plaintiff has filed a motion to remand to the Genesee County Circuit Court from this Court based upon a proviso of 28 U.S.C. § 1332(c) and *McMurry v. Prudential Property and Casualty Insurance Co.,* 458 F.Supp. 209 (D.C.Mich.1978).

5. Said proviso in 28 U.S.C. § 1332(c) states as follows:

Provided further, that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

6. The Defendant, Allstate Insurance Co., opposed said motion based on the claim that the proviso does not apply to suit brought against an insurance carrier for benefits as provided by the Michigan No–Fault Law, M.C.L.A. § 500.3101 *et seq.*

Plaintiff asserts that 28 U.S.C. § 1332 was amended in order to limit federal jurisdiction in cases involving insurance companies and argues that federal courts should interpret the proviso as divesting federal courts of jurisdiction in cases involving "no fault" insurance policies. Plaintiff cites *McMurry, supra,* as guidance for the type of analysis required in this case as authority for the proposition that remand is appropriate.

In *McMurry,* Plaintiff, a Michigan resident, was injured as a passenger in an auto owned and operated by one King. She sued Defendant, a New Jersey insurance corporation which insured King who was a Michigan resident. Plaintiff alleged that the Defendant Insurance Co. failed to reimburse her for all of her expenses incurred on account of injuries sustained in the accident. Plaintiff brought the action in state court and Defendant insurer removed to federal district court. On Motion for Remand by Plaintiff, the *McMurry* court held that the proviso of 28 U.S.C. § 1332(c) applied and imputed King's Michigan residence to Defendant Insurance Co. thereby precluding diversity jurisdiction.

In reaching its conclusion, the *McMurry* court noted that the 1332(c) proviso operates to divest a court of federal diversity jurisdiction when there is 1) a policy or contract of liability insurance; 2) a direct action against an insurer; and, 3) the insured is not a party Defendant. The court commented that the question of whether and under what circumstances the proviso applies to a suit brought under the state "no–fault" statute is not easily resolved.

After engaging in analysis of the impetus for 1332(c), and upon reviewing the legislative history of the enactment, the court held that the action before it constituted a "direct action against a liability insurer on a policy or contract of liability insurance" within the meaning of the terms used in the 28 U.S.C. § 1332(c) proviso. The reasoning was essentially that "no fault" insurance, while not liability insurance, was a substitute therefor and therefore within the terms of the proviso.

While Plaintiff relies on *McMurry,* she does recognize a distinction which she acknowledges may be of some significance in deciding the case at bar. That is, in the instant action, Plaintiff is in privity with

the Defendant Insurance Company and Plaintiff is suing for benefits under an insurance policy in which she is insured. The *McMurry* decision recognized a possible exception to the application of the 1332 proviso where the Plaintiff is insured under the contract and the contract was technically an indemnity contract rather than a liability contract. *See McMurry, supra* at 211. It would appear that the court was referring to *White v. U. S. Fidelity and Guaranty Co.*, 356 F.2d 746 (1st Cir., 1966) as followed in *Henderson v. Selective Ins. Co.*, 369 F.2d 143 (6th Cir., 1966) as the basis for this implied distinction. *See also Ferrara v. Aetna Casualty and Surety*, 436 F.Supp. 929 (D.C.W.D.Ark.1977) which cites *White* for the proposition that 28 U.S.C. § 1332(d) is inapplicable to suits by the insured.

While this Court's decision relates to the distinction pointed out by Plaintiff and alluded to in *McMurry*, it does not turn on it. This Court's analysis focusses on the legal theory which forms the basis for the action rather than on the precise parties involved.[1]

Thus, this Court's decision, recognizing and assuming diversity jurisdiction, manifests a somewhat different reading and application of the proviso than the one set forth in *McMurry*.

■ Applying its analysis to the three requirements for operation of the proviso as set forth in *McMurry*, this Court finds that the instant action is not a direct action for liability insurance within the meaning of the statute. Compare, *McMurry, supra; Ferrara v. Aetna; Irvin v. Allstate Insurance Co.*, 436 F.Supp. 575 (D.C.Okl.); *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721 (5th Cir., 1974), cert. denied, 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974).

At the outset, some attention must be paid to the intent of the statute as evidenced by the legislative history and by the language of the statute.

■ It is apparent that the intent of the statute was to preclude diversity jurisdiction in situations where the state law authorizes a direct *tort* action by a person injured by a tortfeasor against the tortfeasor's insurance carrier where the tortfeasor is not a party. *See McMurry, supra.* The words "direct action" on a policy of liability insurance were used to refer to statutes such as those in Louisiana and Wisconsin which allow a party, injured by the negligence of an insured, to pursue his right of action against the insurer alone. *See White v. U. S. Fidelity and Guaranty Co., supra.* In most states, such actions cannot be brought, or if they can, the tortfeasor must be joined. For instance, the proviso does not apply nor operate to divest the federal courts of jurisdiction in tort liability cases governed by Michigan law inasmuch as the insurer in Michigan is not permitted to be a party Defendant in a tort action. *See* M.C.L.A. § 500.3030. Where the tortfeasor must be sued, diversity jurisdiction is rarely available because the insured tortfeasor is most likely a resident of the same state as the claimant. Where however, the direct action is permitted against the tortfeasor's insurance Company without naming the tortfeasor, (as authorized in Wisconsin and Louisiana, the states which formed the impetus for the 1332(c) proviso), federal diversity jurisdiction would be accomplished in an essentially state case because the insurance carrier was most frequently a foreign corporation. It was to prohibit diversity jurisdiction in only this direct tort action by Plaintiff injured by the negligence of an insured tortfeasor, against the tortfeasor's carrier where the tortfeasor was not a party that 28 U.S.C. § 1332(c) was enacted. *See Irvin*, 436 F.Supp. 575 (1977) at 576.

This Court finds that in order to effectuate the purpose of the proviso, a distinction

---

1. Of course, the court recognizes that in order for the proviso to apply the insured cannot be named as a party Defendant. *See* 28 U.S.C. § 1332(c). What is meant is that the privity of King is not necessarily determinative. It is significant that Plaintiff is suing on the terms of a contract of insurance but it is not necessary that Plaintiff be in privity with Defendant.

For instance, distinctions made between named insured and omnibus insured are not determinative. Compare *Williams v. Liberty*, 468 F.2d 1207 (5th Cir., 1972) (where the court's decision turned on this named insured and omnibus insured distinction rather than on the fact that the action was for a determination of tort liability).

must be drawn between actions where the suit involves a direct action by a tort claimant against the tortfeasor's insurance carrier in which the tortfeasor is not a party, and cases where Plaintiff, in a direct action against an insurer seeks to obtain contractual benefits according to the terms of a policy of insurance. *See Henderson v. Selective Ins. Co., supra.*[2]

In the first instance, the action is brought on a tort theory and constitutes a direct action on a policy or contract of liability insurance. Thus, the proviso of 28 U.S.C. § 1332 applies and operates to divest the federal courts of diversity jurisdiction by imputing the residence of the insured tortfeasor to the insurance carrier. *See discussion, supra.*

In the second instance, the action constitutes a contract action against the insurance carrier.[3] Thus, the proviso does not apply and the federal courts have diversity jurisdiction over the action.

In the case at bar, Plaintiff asserts a claim against Defendant Insurance Company regarding coverage under an insurance policy under which she is an insured. Plaintiff seeks to collect according to the terms of a contract of insurance and also seeks a declaration of her rights to receive benefits under the contract. The action involves interpretation of the terms of the contract of insurance rather than a determination of actual tort liability.[4]

Thus, in accordance with the analysis set forth above, this court concludes that where, as here, Plaintiff files a contract to determine the terms of and receive benefits under a contract of insurance, rather than for direct tort liability, the proviso of 28 U.S.C. § 1332(c) does not operate to divest the federal court of diversity jurisdiction.

While the issue may not warrant this opinion, it is rendered to give guidance to the Bench and Bar, until this question has been resolved by the Sixth Circuit.

Now, therefore Plaintiff's motion to Remand for Lack of Diversity Jurisdiction is hereby denied.

IT IS SO ORDERED.

2. In *Henderson v. Selective Ins. Co.*, 369 F.2d 143 (6th Cir., 1966), liability for injuries was determined in state court and the federal court assumed diversity jurisdiction in order to interpret the provision of the insurance policy contract. Relying upon *White v. U. S. Fidelity and Guaranty Co.*, 356 F.2d 746 (1st Cir., 1966), the *Henderson* court held that the proviso of § 1332(c) did not operate to divest the court of diversity jurisdiction. *Henderson*, at 149. In *White*, the court determined that § 1332(c) was inapplicable and therefore assumed diversity jurisdiction over a case in which Plaintiff sought a determination that a policy of insurance was in effect at the time of the relevant accident.

3. The legal basis for recovery in uninsured motorist policies, is a contract theory. Thus, despite the fact that some *measure* of tort liability must be determined (i.e. in arbitration), the proviso does not operate to divest a federal court of diversity jurisdiction over cases involving such policies. *See Irvin v. Allstate Ins. Co.,* 436 F.Supp. 575 (1977); *Inman v. MFA Mutual Insurance Co.,* 264 F.Supp. 727 (DC Ark., 1967); *O'Hanlon v. Hartford Accident and Indemnity Co.,* 439 F.Supp. 377 (DC Del. 1977).

4. While it is true that the contract of policy of insurance embodies certain mandatory language as required by the Michigan Insurance Act, the no-fault law does not create a direct cause of action for *tort* liability against the insurer as envisioned by 28 U.S.C. § 1332(c). Instead of supplementing tort litigation against an alleged tortfeasor, the no-fault law has created a new mechanism for determining economic loss without regard to fault, the essential ingredient of a tort action. It is clear that neither Plaintiff nor her driver-husband, could ever be held personally responsible for statutory no-fault benefits. Accordingly, the insurer, Defendant in this case, does not stand in the shoes of either Plaintiff or a tortfeasor, but rather has an independent status arising from its statutory and contractual obligations.