Carolyn MYERS, Plaintiff,

v.

NORTHWESTERN NATIONAL INSUR-ANCE COMPANY (Agent for Service is: State Ins. Commissioner, 400 University Tower Building, Little Rock, Arkansas), Defendant.

No. 81–2043.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Nov. 24, 1981.

Franklin Wilder, Fort Smith, Ark., for plaintiff.

Eldon F. Coffman, Daily, West, Core, Coffman & Canfield, Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

WATERS, Chief Judge.

On March 30, 1981, the plaintiff commenced suit against Northwest National Insurance Company, alleging that she is a citizen of Arkansas and that the defendant is a non-resident corporation. Suit was brought under the provisions of Ark.Stat. Anno. Sec. 66–3240, which allows a direct action against the liability insurance carrier for any municipality or subdivision of the state which is not directly subject to suit for tort. The complaint alleges that the plaintiff, while summoned as a witness in a lawsuit being tried in the Logan County Courthouse in Paris, Arkansas, fell while attempting to descend from the witness chair after testifying. She alleges certain specific acts of negligence of Logan County and its servants, agents, and officials.

Although the defendant has answered and has not raised the question of jurisdiction of this court, the court concludes that it does not have subject matter jurisdiction and that this matter must be dismissed.

■ This court clearly has not only the right, but the obligation and duty to carefully consider the pleadings filed in this matter and to determine whether subject matter jurisdiction exists. If the court determines that it does not have jurisdiction, it is obligated, on its own motion, to remand the matter to state court. *Fort v. Ralston Purina Co.*, 452 F.Supp. 241 (D.C.Tenn. 1978); *Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (D.C.Mich.1977); *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351 (D.C.Wis.1973); *Sexton v. Allday*, 221 F.Supp. 169 (D.C.Ark.1963).

28 U.S.C. 1332(c) provides as follows: "(c) For the purpose of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any

State by which the insurer has been incorporated and of the State where it has its principal place of business."

■ Applying these principles to the case at bar, we find that since both the plaintiff and defendant are deemed citizens of the State of Arkansas, this suit must be dismissed for lack of subject matter jurisdiction. *Ferrara v. Aetna Casualty & Surety*, 436 F.Supp. 929 (W.D.Ark.1977).

This court recognizes that 28 U.S.C. Sec. 1332(c) is inapplicable to an interpleader action, *Home Indemnity Co. v. Moore*, 499 F.2d 1202 (8th Cir. 1974), to suits by the insured, *White v. United States Fidelity & Guaranty Co.*, 356 F.2d 746 (1st Cir. 1966), and to actions on uninsured motorists policies, *Bishop v. Allstate Ins. Co.*, 313 F.Supp. 875 (W.D.Ark.1979). The case at bar is a direct action brought by an injured person against his tortfeasor's liability insurer. 28 U.S.C. Sec. 1332(c) provides, without exception, that in such situations the insurer will also be deemed a citizen of the state of which the insured is a citizen.

For the reasons set forth in this opinion, an order of dismissal will be entered.