RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0299p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ELVIRA LJULJDJURAJ,

        *Plaintiff-Appellant,*

    *v.*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

        *Defendant-Appellee.*

No. 13-2641

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-11655—Gerald E. Rosen, Chief District Judge.

Argued: October 7, 2014

Decided and Filed: December 19, 2014

Before: ROGERS and KETHLEDGE, Circuit Judges; and MALONEY, District Judge.[*]

---

## COUNSEL

**ARGUED:** Mark Dundon, DAILEY LAW FIRM, P.C., Royal Oak, Michigan, for Appellant. James G. Gross, JAMES G. GROSS, P.L.C., Detroit, Michigan, for Appellee. **ON BRIEF:** Mark Dundon, DAILEY LAW FIRM, P.C., Royal Oak, Michigan, for Appellant. James G. Gross, JAMES G. GROSS, P.L.C., Detroit, Michigan, for Appellee.

---

[*]The Honorable Paul L. Maloney, Chief United States District Judge for the Western District of Michigan, sitting by designation.

1

_____

**OPINION**

_____

ROGERS, Circuit Judge.  This case concerns the scope of the "direct action" proviso of the federal diversity jurisdiction statute, 28 U.S.C. § 1332(c)(1), and its application to suits brought under Michigan's no-fault automobile insurance laws.  Elvira Ljuljdjuraj was driving a borrowed car when she drove over a patch of ice and collided with a negligently parked vehicle.  The car she was driving was owned by a friend, Bardhyl Mullalli.  Ljuljdjuraj filed a diversity suit in federal court, seeking recovery under Mullalli's no-fault automobile insurance policy, issued by State Farm, for injuries she suffered in the accident.  Ljuljdjuraj and Mullalli are both citizens of Michigan, while State Farm is a citizen of Illinois.  The district court dismissed the suit for lack of diversity jurisdiction because the court determined that the suit was a "direct action" under 28 U.S.C. § 1332(c)(1), requiring Mullalli's Michigan citizenship to be imputed to State Farm.  On appeal, both Ljuljdjuraj and State Farm argue that the "direct action" proviso does not apply and accordingly that diversity jurisdiction exists.  Because the direct action proviso does not apply to suits brought against the insurer by insured persons identifiable before the accident occurs, this suit was not a direct action and Mullalli's citizenship should not have been imputed to State Farm.

Just after midnight on December 29, 2012, Elvira Ljuljdjuraj struck an icy patch while making a left turn and collided with a negligently parked car.[1]  As a result of the collision, Ljuljdjuraj suffered a traumatic brain injury, acute cervical and lumbar sprains, bulging discs, and other injuries.  Ljuljdjuraj had been driving a car borrowed from the owner, Bardhyl Mullalli.  Ljuljdjuraj filed a claim with State Farm under Mullalli's no-fault insurance policy, but State Farm refused to pay. Ljuljdjuraj filed suit in the Eastern District of Michigan, pleading that the amount-in-controversy exceeded $75,000, that she was a citizen of Michigan, and that State Farm was a citizen of Illinois.  Elvira's aunt—Drana Lulgjuraj—was a passenger in the car and

_____

[1]This summary of the facts comes from Ljuljdjuraj's complaint.

was also injured.  Drana filed a separate suit against State Farm for recovery under Mullalli's policy.

Although both women were represented by the same law firm, their lawyers did not notify the district court that the cases were related; as a result, the two cases were assigned to different judges.  Lulgjuraj's case before Judge Gerald Rosen moved more quickly; the district court issued an order to show cause for why subject matter jurisdiction was not lacking.  Lulgjuraj failed to show cause and her case was dismissed before State Farm appeared.  State Farm subsequently appeared in Ljuljdjuraj's suit and requested to have the case transferred to Judge Rosen.  The case was transferred, State Farm filed a motion to dismiss for lack of subject matter jurisdiction, and the motion was granted.  Noting that the complaints were "virtually word-for-word identical," the district court incorporated by reference its order dismissing Lulgjuraj's suit into its order dismissing Ljuljdjuraj's suit.

The district court dismissals relied primarily on *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421, 425 (6th Cir. 1982).  The court determined that Ljuljdjuraj did "not seek to recover benefits from her own insurance company but rather from the insurer of a third-party, Bardhyl Mulalli."  The district court interpreted *Ford* as holding that "[i]n suits against insurers under Michigan's no-fault scheme, the direct action provision in 28 U.S.C. § 1332(c)(1) is applicable, and where imputing the insured's citizenship to the insurer destroys diversity, the federal court is without jurisdiction to hear the case."  Because Ljuljdjuraj did not seek to recover benefits from her own insurance company but rather from the insurer of a third party, the district court determined that the direct action proviso of the diversity statute applied.

Ljuljdjuraj appeals the dismissal and State Farm now argues in favor of the existence of subject matter jurisdiction.

The federal courts have subject-matter jurisdiction over this case because it satisfies the diversity jurisdiction requirements of 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties and the amount in controversy requirement is met.  Ljuljdjuraj is a citizen of Michigan.  State Farm, which is incorporated in Illinois and has its principal place of business there, is a citizen of Illinois.  Ljuljdjuraj pleads that the amount in controversy exceeds $75,000.  The only argument against diversity jurisdiction in this case is that Michigan

citizenship should be imputed to State Farm by operation of § 1332(c)(1)'s direct action proviso. But this case is not a direct action.

The direct action proviso of § 1332(c)(1) does not apply to suits brought by an insured against her own insurer because such a suit is not a "direct action against the insurer of a policy or contract of liability insurance." The statute provides:

> in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

28 U.S.C. § 1332(c)(1). The direct action proviso was designed to prevent local tort suits from overwhelming the federal courts. The proviso was adopted by Congress in response to state laws in Louisiana and Wisconsin that permitted injured plaintiffs to sue directly the insurers of tortfeasors without joining the tortfeasors as defendants. *Ford*, 669 F.2d at 424. These state "direct action" statutes created diversity jurisdiction where none had previously existed, since the (usually local) tortfeasors were not present in the suit to destroy complete diversity between the plaintiffs and the (usually out-of-state) insurers. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9–10 (1989). The result was "a flood of essentially local lawsuits clogging already crowded district court dockets." *Ford*, 669 F.2d at 424.

The language of the statute on its face does not apply where a suit is brought under an insurance policy provision that does not provide for liability insurance, but rather where a suit is brought under a policy provision that covers the plaintiff on a basis *other than* liability by the insured to the plaintiff. That is precisely the case here. The insurance provision at issue provides benefits on the basis of plaintiff's having been a passenger in the primary insured's automobile, and not on the basis of the primary-insured's liability to the plaintiff. This is clear from both the insurance contract, and from the Michigan statutory provisions that the contract was required to comply with.

Ljuljdjuraj seeks recovery from a policy under which she is not the named insured—Bardhyl Mullalli's policy. But Michigan law requires automobile insurance policies to provide

fallback coverage[2] for "a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle," and occupants "shall claim personal protection insurance benefits from . . . the insurer of the owner or registrant of the vehicle occupied." Mich. Comp. Laws § 500.3114(4) (2014).  Mullalli's policy, which was introduced into the record only after the district judge dismissed the case, appears to provide the required coverage expressly, and in any event provides such coverage by operation of law.  The policy specifically identifies "any person occupying your car" as an "insured."  Ljuljdjuraj pleads that she was occupying Mullalli's car when she suffered accidental bodily injury.  She is therefore covered by Mullalli's policy. Accordingly, Ljuljdjuraj's suit is not a "direct action against the insurer of a policy or contract of liability insurance."

Our holding in *Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899–90 (6th Cir. 2003), albeit outside of the no-fault context, strongly supports this conclusion.  *Lee-Lipstreu* involved an Ohio law *Scott-Ponzer* claim.  The Ohio Supreme Court in *Scott-Ponzer* had held that an insurance policy issued to a corporation provided coverage for its employees if the term "you" was vague.  *Scott-Ponzer v. Liberty Mut. Fire & Ins. Co.*, 710 N.E.2d 1116, 1119 (Ohio 1999) *overruled in part by Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256 (Ohio 2003). We rejected the applicability of the direct action provision of § 1332(c)(1) because in a *Scott-Ponzer* claim "the entire suit rests on the conclusion that the *employee is the insured* under the policy":

> Thus, in a *Scott-Ponzer* claim, the insured sues her own insurance carrier.  The insured obviously is not joined as a party-defendant because the insured is the plaintiff.  Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be  considered citizens of the same state.  We recognize that the direct action provision applies in certain situations involving insureds and insurers, but we conclude that it does not apply here. . . . [W]hen an injured party sues her own uninsured motorist carrier, it is not a direct action.

*Lee-Lipstreu*, 329 F.3d at 899–900.  The same analysis applies in this case.  Just like the plaintiff in *Lee-Lipstreu*, Ljuljdjuraj is suing the insurance company on a policy that provided coverage to

---

[2]That is, this coverage applies only if the vehicle occupant is not otherwise covered by a policy covering herself or her spouse, or providing certain other coverage.  Mich. Comp. Laws 500 § 3114(1)-(5) (2014).

her by virtue of her relationship to the primary insured—employee of the named insured in *Lee-Lipstreu*, and occupant of the named insured's automobile in this case—and not based in any sense on the liability of the named insured to the plaintiff.

This conclusion is supported by the reasoning of our sister circuits, which have consistently held that the direct action proviso does not apply to suits by insureds against their insurers outside of the liability insurance context. *E.g.*, *White v. United States Fid. & Guar. Co.*, 356 F.2d 746, 747 (1st Cir. 1966); *Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574, 1576 (11th Cir. 1985); *McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989). As the Second Circuit explained in persuasive dictum:

> Courts have construed the term "insured" in § 1332(c) broadly to include not only the named insured but also any person covered by an omnibus or "other insured" clause in the policy (for example, a clause that extends insurance coverage to anyone operating the car with the permission of the named insured). . . . [P]laintiff is a "covered person" under New York's no-fault law. Because the § 1332(c) proviso is designed to address cases in which an insured may be, but is not, joined as a party-defendant, it would be inappropriate for the proviso to affect situations where a person characterizable as an insured party sues the insurer, since a plaintiff obviously cannot join herself as a party-defendant. In no published federal case of which we are aware has a named insured suing an out-of-state insurer for breach of contract been excluded from federal court pursuant to § 1332(c). We can see no reason why the named insured should be able to sue the insurer for no-fault benefits, but plaintiff, asserting a similar claim for no-fault benefits, should be confined to state court simply because the policy under which she is covered is not held in her name.

*Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 677 n.18 (2d Cir. 1992).

The district court understandably came to a different conclusion in this case based on some broad language in our opinion in *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421, 422 (6th Cir. 1982). In that case we said that the direct action provision applies "where a party claiming damages arising out of the use of a motor vehicle sues the insurer of the vehicle under the Michigan 'no-fault' statute and a policy issued thereunder." *Id.* at 422. *Ford* is distinguishable, however, primarily because it involved the property damage provision of the Michigan no-fault act.

Ford Motor Company sought Property Protection Insurance benefits for damage resulting from an explosion at one of its plants. The explosion was caused by the accidental mixture of two chemicals, one of which had been delivered by a truck owned and operated by Refiners Transport and Terminal Corporation. Ford sought recovery from Refiners' no-fault insurance policy, which had been issued by Insurance Company of North America. Ford sued the insurance company directly, without joining Refiners. Although diversity existed between Ford and the insurer, when the citizenship of Refiners was imputed to the insurer under § 1332(c)(1), diversity was destroyed.

*Ford* involved the property protection benefits provision of the Michigan no-fault act, which provides that "an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle." Mich. Comp. Laws § 500.3121 (2014). In holding that the direct action proviso applied to a suit by the owner of damaged property against the insurer of the owner of the vehicle causing the damage, we noted that the Michigan no-fault act abolished tort liability arising from the use of a motor vehicle in Michigan, and that as a substitute for such tort liability Michigan provided "personal protection benefits" and "property protection benefits" on a no-fault basis and permitted directly maintained actions to secure the benefits, thereby meeting the literal requirements for the direct action proviso of the diversity statute. *Ford*, 669 F.2d at 425. We also reasoned that Michigan no-fault insurance "operates in exactly the same way as the Louisiana and Wisconsin direct action statutes—it permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle." *Id.* This analysis has some force in the context of the property protection provisions of the Michigan no-fault act, but little force in the context of the personal protection benefit. Unlike Ljuljdjuraj, Ford was not "insured" by the policy from which it sought recovery. Under Michigan law, "[p]roperty protection benefits are distinguishable from personal protection benefits (PIPs) because, among other things, property protection benefits provide third-party protection, whereas PIPs provide first-party protection." *Turner v. Auto Club Ins. Ass'n*, 448 Mich. 22, 30 (2000). The personal protection provisions of Michigan's no-fault law require coverage of an identifiable group of individuals: the named insured, a spouse, any relatives living with them, and any

occupant of a car they own.[3]   Mich. Comp. Laws § 500.3114(4) (2014).  All these people are insured by the policy.  By contrast, the property protection provision of the statute states simply that "an insurer is liable to pay benefits for accidental damage."  Mich. Comp. Laws § 500.3121 (2014).  Although one could conceivably consider property damage plaintiffs to be "covered" by a statutorily-required obligation to pay for damaged property, it stretches the meaning of insured party to include every person whose property might in the future be damaged by the automobile of the named insured.  The first-party coverage provided by the Michigan no-fault act, in contrast, provides that categories of individuals, identifiable before any accident has occurred, are "insured" by virtue of their relationship to the named insured.  Extending diversity jurisdiction to property damage suits by whoever is injured is obviously much broader than expanding the categories of identified individuals who are covered, and thus more strongly implicates the concerns that led to passage of the direct action proviso.  Stated differently, suits against insurance companies by owners of damaged property are far more similar to direct action suits based on liability insurance than suits by car occupants who are listed in the insurance policy pursuant to the statute as "insured" prior to the occurrence of the accident.  It follows that, while we are bound by our published holding in *Ford*, that holding binds at most with respect to the property protection benefits that were at issue in that case.  Thus, the direct action proviso of the federal diversity statute does not apply in this case, notwithstanding our holding in *Ford*.

For these reasons we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

---

[3]This coverage extends only to people that the owner allows to occupy the car; Michigan law excludes from coverage any person who takes a motor vehicle unlawfully.  Mich. Comp. Laws § 500.3113 (2014).