**STATE FARM INSURANCE COMPANY**

v.

**Kathleen H. EVANS.**

**Civ. A. Misc. No. 89–226.**

United States District Court,
E.D. Pennsylvania.

May 18, 1989.

**58**

Charles J. Schleifer, Weinstein, Goss, Katzenstein & Schleifer Associates, P.C., Philadelphia, Pa., for petitioner.

Cy Goldberg, Philadelphia, Pa., for respondent.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Respondent Kathleen Evans, a citizen and resident of the Commonwealth of Pennsylvania, filed an uninsured motorist claim with her insurance carrier, petitioner State Farm Insurance Company ("State Farm"), an Illinois corporation with its principal place of business in Illinois, for injuries allegedly sustained as a result of an automobile accident that occurred on January 20, 1987, in Philadelphia, Pennsylvania. At the time of the accident, respondent carried a public liability contract of insurance with petitioner. The contract contained the following provision concerning the resolution of uninsured motorist claims:

> Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on a third one within thirty (30) days either party may request a judge of a court of record in the county in which arbitration is pending to select a third one ...

On August 12, 1988, respondent informed petitioner of her intent to pursue arbitration. Both respondent and petitioner have appointed an arbitrator but, as of this date, have been unable to select a third, neutral arbitrator.

On April 20, 1989, petitioner State Farm filed a Petition for Appointment of a third, neutral arbitrator, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.* Respondent Evans, however, on April 27, 1989, filed a Motion to Dismiss for Lack of Jurisdiction, alleging that, pursuant to 28 U.S.C. § 1332(c), diversity jurisdiction does not exist. Respondent Evans contends: (1) that her claim for uninsured motorist benefits constitutes a direct action against petitioner State Farm; (2) that pursuant to 28 U.S.C. § 1332(c), in such a direct action, petitioner State Farm is deemed a citizen of the state of which the insured is a citizen (Pennsylvania); and (3) because both petitioner and respondent are citizens of Pennsylvania, federal diversity jurisdiction is nullified.

We hold that respondent's claim for uninsured motorist benefits does not constitute a "direct action" within the meaning of 28 U.S.C. § 1332(c), which provides:

> For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

The "direct action" provision of the above section, added in 1964, was enacted "specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant." *Beckham v. Safeco Insurance Co. of America,* 691 F.2d 898, 901 (9th Cir.1982); *accord Velez v. Crown Life Insurance Co.,* 599 F.2d 471, 473 (1st Cir.1979); *Hernandez v. Travelers Insurance Co.,* 489 F.2d 721, 723 (5th Cir.), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974).

Courts have uniformly defined the term "direct action" as used in the above section, as those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or first obtaining a judgment against him. *Beckham v. Safeco Insurance Co. of America, supra.* Thus,

as the Eleventh Circuit held in *Fortson v. St. Paul Fire and Marine Insurance Co.:*

[U]nless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.

751 F.2d 1157, 1159 (11th Cir.1985). Accordingly, actions by an insured against his own insurer under the uninsured motorist provisions of the policy, the precise situation in the instant case, have been held not to constitute direct actions within the proviso of § 1332(c). *See, e.g., Irvin v. Allstate Insurance Co.,* 436 F.Supp. 575 (W.D.Okl. 1977); *Adams v. State Farm Mutual Automobile Insurance Co.,* 313 F.Supp. 1349 (N.D.Miss.1970); *Bishop v. Allstate Insurance Co.,* 313 F.Supp. 875 (W.D.Ark. 1970); *see also Walker v. Firemans Fund Insurance Co.,* 260 F.Supp. 95 (D.Mont. 1966). Moreover, in a recent decision, the Third Circuit, in *Myers v. State Farm Insurance Co.,* 842 F.2d 705 (3d Cir.1988), held that a claim for underinsured benefits, closely analagous to the uninsured claim in the instant case, does not constitute a direct action within the meaning of § 1332(c). Judge Higginbotham, writing for the Court, stated:

As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c). Myers, as an insured third party, brings this suit based on State Farm's failure to settle within the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as 'payor of a judgment based on the negligence of one of its insured.'

*Id.* at 707 *quoting Velez v. Crown Life Insurance Co.,* 599 F.2d at 473.

As previously stated, respondent has filed a claim against her own insurer under the uninsured motorist coverage provisions of the policy. In view of the foregoing analysis of § 1332(c), it is apparent that respondent's claim is not a "direct action" within the meaning of that section. Therefore, for purposes of the instant action, petitioner State Farm Insurance Company, incorporated and with its principal place of business in Illinois, is a citizen of that state. Accordingly, because diversity of citizenship exists, respondent's motion to dismiss for lack of jurisdiction will be denied.