Rosemerie S. LAMONTAGNE
and Donald Lamontagne,
Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, and North American Spe-
cialty Insurance Company, Defen-
dants.

No. CIV.04–192–P–C.

United States District Court,
D. Maine.

Nov. 19, 2004.

Robert A. Laskoff, Laskoff & Associ-
ates, Scott A. Quigley, Laskoff & Associ-
ates, Lewiston, ME, for Rosemerie S. La-
montagne, Donald Lamontagne, Plaintiffs.

Christopher C. Dinan, Monaghan, Le-
ahy, Hochadel & Libby, John S. Whitman,
Richardson, Whitman, Large & Badger,
Portland, ME, for Nationwide Mutual In-
surance Company, North American Spe-
cialty Insurance Company, Defendants.

## ORDER DENYING MOTION
## TO REMAND

GENE CARTER, Senior District Judge.

Before the Court is Plaintiffs' Motion to
Remand this action, removed on the basis
of diversity of citizenship, to the State
Court. (Docket Item No. 9). The Motion
is based on the contention that the case is
a "direct action" within the meaning and
intendment of 28 U.S.C. § 1332(c)(1) and
that diversity of citizenship is destroyed by
the effect of the statute.[1]

---

1. Title 28 U.S.C. § 1332(c)(1) reads in perti-
nent part as follows:
   For the purposes of this section and section
   1441 [removal] of this title, a corporation
   shall be deemed to be a citizen of any State
by which it has been incorporated and of
the state where it has its principal place of
business, except that in any direct action
against the insurer of a policy or contract of
liability insurance ... to which action the

This is an action originally commenced in State Court arising out of an automobile accident. One Count of the Complaint seeks recovery of damages for personal injury of Rosemerie Lamontagne, operator of one of the vehicles involved in the accident. Another Count alleges a claim for loss of consortium by Donald Lamontagne, alleged to be the spouse of Rosemerie. Other Counts allege claims against two insurance companies on claims of breach of contract for failure to provide contracted for uninsured/underinsured motorist coverage. One such claim is made against Plaintiffs' own insurance carrier, Nationwide Mutual Insurance Company, and another such claim is made against the alleged carrier for Plaintiff, Rosemerie Lamontagne's employer, at the time of the accident, it being alleged that she was in the course and scope of her employment at the time of the accident.[2] Defendant, North American Specialty Insurance Company, removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1445(b) after the Defendant, Florence Bourget, the alleged defendant tortfeasor, had been dismissed from the case as a result of a settlement on her behalf with the Plaintiffs. The Petition for Removal recites that the North American Specialty Insurance Company is a New Hampshire corporation with its principal place of business in that state. The other carrier, Nationwide Mutual Insurance Company, is alleged to be an Ohio corporation with its principal place of business in that state. Thus, it is asserted in the Petition for Removal and in the carrier's Response to Motion to Remand that complete diversity of citizenship exists between the Plaintiffs, both residents of the State of Maine, and the remaining two Defendants, the insurance carriers.

Plaintiffs contend in their Motion to Remand that the case is a "direct action" under 28 U.S.C. § 1332(c)(1) and that the exception to the general rule of corporate domicile there created requires that each of these insurers "shall be deemed [to be] a citizen of the state of which the insured is a citizen," thus destroying diversity by rendering Maine the domicile of all of the parties for purposes of diversity jurisdiction.

After full review of the written submissions on the Motion to Remand and of the Complaint herein, the Court *CONCLUDES* that the Plaintiffs' position is without merit and that the Motion should be *DENIED*. Courts have uniformly defined "a direct action" under § 1332(c)(1) as a case in which a party suffering injuries or damages in court is entitled to bring suit against the tortfeasor's liability insurance carrier without joining the tortfeasor as defendant or first obtaining a judgment against the tortfeasor. *State Farm Ins. Co. v. Evans,* 712 F.Supp. 57, 58–9 (E.D.Pa.1989). Actions by an injured insured against his own insurance carrier under uninsured motorist provisions of the applicable policy do not constitute direct actions under the statute. *Id.* at 59 (collecting cases)

A recent case has reached a similar result on the predicate that the direct action provision of the statute applies only to actions in which "the liability sought to be imposed against the insurer could be imposed against the insured." *Shain v. Underwriters Ins. Co.,* 2002 WL 31640494 (E.D.La.) Such is not the case here with

---

insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

2. Other Counts, not particularly pertinent on this Motion, set out claims against both insurance carriers for allegedly unfair claims settlement practices.

respect to the breach of contract claims against the insurers herein.

The Court finds both lines of precedent to be persuasive.

Therefore, it is hereby **ORDERED** that the Motion to Remand be, and it is hereby, **DENIED**.