Ana **VEGA–BURGOS, et al.,** Plaintiffs,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al.,** Defendants.

**Civil No. 12–1066 (GAG).**

United States District Court,
D. Puerto Rico.

Feb. 14, 2012.

---

228

Ana Vega–Burgos, pro se.

Jose Guevara–Rivera, pro se.

Frank Gotay–Barquet, Gotay & Perez, P.S.C., San Juan, PR, for Defendants.

## OPINION AND ORDER

GUSTAVO A. GELPI, District Judge.

Plaintiffs Ana Vega–Burgos ("Vega–Burgos"), Jose Guevara–Rivera and their conjugal partnership (collectively "Plaintiffs") bring this action against Metropolitan Life Insurance Company ("MetLife") and Commonwealth Annuity and Life Insurance Company ("Commonwealth Annuity") (collectively "Defendants") for denying Plaintiffs benefits under the disability insurance contract. (*See* Docket No. 6–1.) Plaintiffs originally filed this case in the Court of First Instance for San Juan. (*See id.*) MetLife removed this case to federal court on February 2, 2012. (*See* Docket No. 1.) Plaintiffs oppose this removal and request the court to remand the case to state court due to lack of subject matter jurisdiction. (*See* Docket No. 11.) After reviewing the submissions and the pertinent law, the court **DENIES** Plaintiffs' motion to remand at Docket No. 11.

### I. Standard of Review

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." *Gargano v. Liberty Intern. Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. *See* FED.R.CIV.P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570, 127 S.Ct. 1955. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Parker v. Hurley,* 514 F.3d 87, 90 (1st Cir.2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. 662, 129 S.Ct. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).

## II. Factual Background

On November 8, 1994, Vega–Burgos acquired a disability insurance policy from Defendants. (*See* Docket No. 6–1 ¶ 3.) MetLife is the administrator of the policy and Commonwealth Annuity is the insurer. (*See id.* at ¶ 4.) Due to degenerative disc disease, radiculopathy, arthritis, "post ORIF status" of a fracture of the left ankle, history of esophagitis, hiatal hernia, diverticulosis and thyroidal mass, Vega–Burgos claimed she was unable to perform her job duties. (*See* Docket No. 6–1 ¶ 7.) Vega–Burgos' last day of work was March 31, 2008. (*See id.*) On November 19, 2010, Vega–Burgos was denied benefits of the policy because the ailments she suffered would not preclude her from performing her job duties. (*See id.* ¶ 8.) Defendants reiterated that decision on February 9, 2011, April 13, 2011 and June 9,

2011. (*See id.* at ¶¶ 9–11.) At all times MetLife stated it would evaluate new evidence that Vega–Burgos deems relevant. (*See id.* at ¶ 12.)

## III. Discussion

█ Defendants removed the present case from state court pursuant to 28 U.S.C. § 1332 claiming complete diversity. (*See* Docket No. 1 at ¶ 4.) Plaintiffs' argue complete diversity is lacking in this matter because of the direct action clause of Section 1332(c)(1) which, in pertinent part, states,

> For the purposes of this section and section 1441 of this title, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen. . . .

28 U.S.C. § 1332(c)(1). Plaintiffs argue that Section 1332(c)(1) applies because this is an action against the insurer of a policy for insurance and the insured is not joined as a party-defendant. (*See* Docket No. 11 at ¶ 3–4.)

However, application of the direct action clause of Section 1332(c)(1) is inapplicable to this case. The Supreme Court discussed the intent of this provision and its application in *Northbrook Nat. Ins. Co. v. Brewer,* 493 U.S. 6, 9–10, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989) (holding direct action provision inapplicable when insurer is plaintiff). The impetus behind Congress' inclusion of this language was the sharp increase in litigation in federal court by injured parties seeking damages against a tortfeasor's insurance company. *See id.*;

*Velez v. Crown Life Ins. Co.,* 599 F.2d 471, 473 (1st Cir.1979) (citing *White v. United States Fid. and Guar. Co.,* 356 F.2d 746 (1st Cir.1966)). This provision was adopted in order to eliminate diversity jurisdiction from cases in which the injured party and the tortfeasor are local residents, but the insurance carrier is not. *See State Farm Ins. Co. v. Evans,* 712 F.Supp. 57, 58 (E.D.Pa.1989) (citing *Beckham v. Safeco Ins. Co. of Am.,* 691 F.2d 898, 901 (9th Cir.1982)). This language has been limited to such suits and has not been broadened to include suits by insureds against their own insurance companies. *See Lamontagne v. Nationwide Mut. Ins. Co.,* 345 F.Supp.2d 1, 2–3 (D.Me. 2004).

■ This court agrees with the aforementioned precedents. The language and meaning of the statute is not meant to be construed in a manner that divests the court of subject matter jurisdiction in actions between insurers and insureds. *See id.* at 2 ("Actions by injured insured against his own insurance carrier under uninsured motorist provision of the applicable policy do not constitute direct actions under the statute.") The language of the statute is meant to divest the court of jurisdiction in actions pertaining to direct action statutes enacted by state legislatures.

## IV. Conclusion

Because this provision is not applicable the facts of the case at bar, the court **DENIES** Plaintiffs motion to remand the proceedings to state court.

**SO ORDERED.**